John H. Knight *vs.* The Continental Automobile Manufacturing Company.

Third Judicial District, New Haven, June Term, 1909.
Baldwin, C. J., Hall, Prentice, Thayer and Roraback, Js.

Damages in personal injury cases cannot be computed mathematically, nor does the law furnish any precise, definite rule for their assessment. The matter is one peculiarly within the province of the jury, whose determination will be set aside only when it appears that the sum awarded is plainly excessive and exorbitant.

Argued June 1st—decided July 20th, 1909.

Action to recover damages for personal injuries alleged

to have been caused by the negligence of the defendant's servant in the operation of an automobile, brought to the Superior Court in New Haven County and tried to the jury before *Case, J.;* verdict and judgment for the plaintiff for $1,500, and appeal by the defendant. *No error.*

*Charles S. Hamilton,* for the appellant (defendant).

*David E. FitzGerald,* with whom was *Walter J. Walsh,* for the appellee (plaintiff).

RORABACK, J.   The plaintiff introduced evidence to prove that on the 5th day of July, 1907, after nine o'clock in the evening, he was the conductor of an open trolley-car that ran between Savin Rock and Mount Carmel. While he was on the running-board of the car and engaged in issuing transfers to the passengers of the car, he was suddenly struck by a part of an automobile driven in the opposite direction to that in which the car was proceeding. The automobile was operated by the defendant's servant while acting within the actual course of his employment. The trolley-car was well lighted and the chauffeur saw it when he was some distance away.   There was ample room on each side of the approaching car in which the driver of the automobile could have turned and avoided striking the plaintiff.   On the outside of the body of the automobile was an iron hook used for the purpose of holding the top of the automobile up in position.   This hook struck the plaintiff as the two vehicles passed, tearing his coat, trousers, and his under-clothing, and causing a deep gash or wound in his leg, throwing him to the ground and rendering him unconscious.

The duty and power of a trial judge in respect to a verdict rendered by a jury having been so fully explained by several recent decisions of this court, we are not disposed to make any extended review of the law applicable in the

present case. The evidence reported is sufficient to sustain the verdict for the plaintiff upon the question of negligence, the defendant's main contention being that the amount awarded was excessive. In this class of cases the damages cannot be computed by mathematical calculation, and the law furnishes no precise or definite rule for their assessment, which is peculiarly within the province of the jury. *Clark* v. *Pendleton,* 20 Conn. 495, 509; *Shaw* v. *Pope,* 80 id. 206, 211, 67 Atl. 495.

It would be competent for the court to grant a new trial if it appeared that the damages awarded were plainly excessive and exorbitant. *Noxon* v. *Remington,* 78 Conn. 296, 299, 61 Atl. 963. No satisfactory reasons appear for interference with the action of the jury.

There is no error.

In this opinion the other judges concurred.