## Eva L. Briggs *vs.* Adolph F. Becker.

First Judicial District, Hartford, May Term, 1924.
Wheeler, C. J., Beach, Curtis, Keeler and Ells, Js.

In passing upon the question whether a verdict is excessive, the only practical test is whether the amount awarded falls somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case, or whether it so shocks the sense of justice as to compel the conclusion that the jury were moved by partiality, prejudice, mistake or corruption. And the opinion of the trial judge upon this point is entitled to great weight, for he is peculiarly qualified by his presence at the trial to observe any improper influences affecting the jury.

In the present case, the plaintiff, an unmarried woman, fifty-six years of age, suffered permanent partial loss of the function of her left leg; was put to actual expense of $1,000; and was compelled to abandon her occupation as an operator of a foot-press, although she was not permanently incapacitated for work of a different character. The jury rendered a verdict for $9,500 and the trial court ordered a *remittitur* of $2,000. *Held* that the verdict as amended was not excessive.

We have not adopted the rule, in personal injury cases, that loss of future wages should be estimated at their present value, since it is doubtful whether anything is gained in the matter of certainty or of substantial justice by introducing a mathematical formula into what is, at best, a process of estimation.

The charge in the present case reviewed and *held* to present correctly the legal duty of the defendant in driving his automobile at a street intersection across which the plaintiff was walking.

Argued May 6th—decided June 2d, 1924.

Action to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, brought to the Superior Court in Hartford County and tried to the jury before *Webb, J.;* verdict for the plaintiff for $9,500, of which $2,000 was remitted by the plaintiff to avoid having the verdict set aside as excessive, and from a judgment for the plaintiff for $7,500, the defendant appealed. *No error.*

*A. Storrs Campbell,* for the appellant (defendant).

*Edward J. Daly,* with whom was *Dennis P. O'Connor,* for the appellee (plaintiff).

BEACH, J.   The first ground of appeal is that the court erred in not setting aside the entire verdict; the defendant's claim being that it is still excessive in amount notwithstanding the *remittitur.*   It is of course admitted that the validity of the verdict as amended must be tested by the evidence adduced by the plaintiff, and by giving to it the most favorable interpretation which it will fairly and reasonably bear.   From that point of view the jury might reasonably have found the following facts:   Plaintiff was an unmarried woman fifty-six years old, and for fifteen years next preceding the injury she had been employed in running a power-press operated by foot pressure upon a pedal, alternating from right to left foot.   At the time of her injury she was earning $20 a week.   On February 2d, 1923, while in the exercise of due care in crossing the street at a crosswalk, she was injured by the negligence of the defendant in driving his car at a high and dangerous rate of speed, in view of existing conditions of traffic, ice, and the fact that he was approaching an intersecting highway, and in failing, under such conditions, to have his automobile under proper control.

The plaintiff's injuries consisted of a fracture of the tibia of the left leg extending upward into and involving the knee joint.   Plaintiff was confined to her bed continuously for six weeks, and compelled to go about on crutches for a considerable period thereafter.   There was the pain and suffering and nervous shock to be expected from such an injury, persisting from time to time down to the date of the trial, and accompanied by sleepless nights.   Plaintiff has attempted to resume

her former work, but after two weeks was compelled to abandon it. While not permanently disqualified from earning her livelihood in some other way, the injury has resulted in a permanent partial loss of function of the left leg, the extent of which is left uncertain by the conflicting opinion evidence of medical experts. The trial judge in his memorandum of decision on the motion to set aside the verdict estimates the loss of function at twenty-five per cent, and if that is a fair estimate, the earning capacity of the plaintiff has been substantially and permanently impaired. The plaintiff's expenses and loss of wages down to the time of the trial, due to the injury, were about $1,000. Deducting this sum from the reduced verdict leaves an award of about $6,500 for pain and suffering and loss of future wages; and while this is a liberal allowance, we cannot say that it is so excessive as to compel the conclusion that the trial court erred in permitting the verdict to stand at that amount. The action of the trial court in granting or denying a motion to set aside a verdict is entitled to great weight; and when the only question is whether the damages awarded in a personal injury case are so excessive as to lead to the belief that the jury were influenced by partiality, prejudice, or mistake, the opinion of the presiding judge on that point is especially persuasive. He feels the atmosphere of the trial, and is peculiarly qualified to determine whether, and to what extent, any subtle influences have unduly inflated the damages awarded. In this case the trial judge ordered a *remittitur* of $2,000 within two weeks of the motion to set aside the verdict, and his action expresses his deliberate judgment as to the damages reasonably allowable, while the matter was still fresh in his mind. His memorandum of decision indicates that he thought the jury had made a mistake in overestimating the extent to which the plaintiff's

earning power had been permanently impaired, and that he fixed the amount of the *remittitur* with a view to correcting that mistake. An examination of the evidence leads us to conclude that substantial justice has been done.

Exception is taken to the charge of the court on the subject of damages. On this point the charge is as follows: "You should properly give consideration as to whether or not the evidence satisfies you that the injury and disability is permanent or otherwise," and then, after summing up the conflicting opinion evidence of the medical experts, "you will weigh the testimony upon that issue carefully and intelligently, as I am sure you will, and reach a conclusion in your own minds whether or not the injury is of a permanent character. If you reach the conclusion that the disability is permanent, you will take into consideration to what extent it will probably, using your best judgment and knowledge of the affairs of mankind, interfere with her earning her livelihood; and you will consider then, in reaching the amount of your verdict, how much should be assessed by way of pecuniary loss in expenses incurred in her attempted cure, nursing, and so on, and any loss from her employment, and the loss that she hereafter will probably suffer by reason of her incapacity. . . . You will then give consideration, gentlemen, to what you should award in order to fairly and justly compensate the plaintiff for the pain and suffering that she has testified to, if you find her testimony to be accepted as to those matters. She described, as I recall, yesterday upon the witness stand the sleepless nights, the considerable period of time she was compelled to go about on crutches, the pain and suffering which she still from time to time endures, the physical disability which results from this injury. You will take all of those matters into consideration, and, using

your best judgment and your experience with human affairs, reach such sum as you consider should be awarded to fairly and justly compensate her for the injuries that she has received. You should award nothing more than the amount which in your opinion should be fairly awarded to compensate for the injuries that you find from the evidence she has sustained from this accident."

The defendant's criticism is two-fold; that the jury were not sufficiently cautioned against awarding damages for loss of future earning capacity that might be due to advancing years, and to other causes not directly resulting from the injury; and, further, that the loss of future wages should be estimated at their present value. On the first point the charge appears to be sufficiently definite. As to the second point, the rule in force in some jurisdictions, that loss of future wages should be estimated at their present value, has not been adopted here. In personal injury cases the probable loss of future wages is at best an estimate, and it is doubtful whether anything is gained in the matter of certainty or of substantial justice by introducing a mathematical formula into the process of estimation. "Damages in personal injury cases cannot be computed mathematically, nor does the law furnish any . . . definite rule for their assessment." *Knight* v. *Continental Automobile Mfg. Co.*, 82 Conn. 291, 293, 73 Atl. 751; *Rutkowski* v. *Connecticut Light & Power Co.*, 100 Conn. 49, 54, 123 Atl. 25. In such cases, the estimated loss of future wages is ordinarily but one element of the total damages, and its amount cannot be definitely segregated. Whether the present value rule be in force or not, the only practical test is whether the total damages awarded fall somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case, or whether the

verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption.

On the issue of liability, a single exception is taken to the charge in relation to the disputed question of the speed at which the defendant approached the crossing. On that question the court charged the jury, sub-stantially as requested by the defendant, that if the jury found that the defendant was traveling in the exercise of due care in view of existing conditions, with his car properly under control, and if they found that the plaintiff, after arriving at a point of apparent safety, stepped back, as the defendant claimed she did, into the path of the defendant's automobile, and fur-ther found that when the defendant became aware, or ought to have become aware, of her danger, he did all in his power in the time and distance allowed him to save the plaintiff, then the defendant would not be liable. The court then referred to the plaintiff's claims of fact, saying: "If, however, as the plaintiff claims, and as the plaintiff claims the evidence that she has introduced in the trial of this case fully and abundantly supports, if you find that the defendant was operating his car at a high and dangerous rate of speed having regard to the conditions then confronting him; the condition of the surface of the highway, with the ice and snow and ruts upon it, approaching an intersect-ing highway, approaching a vehicle that was coming from the intersecting highway on his right, and not having his car under adequate control, and if you find those conditions established by a fair preponderance of evidence, then he was guilty of negligence in the operation of his car, and your verdict should be for the plaintiff, unless you find with reference to all of the facts that the plaintiff, notwithstanding the negligence of the defendant, as you may find it to have been es-

tablished, was herself guilty of contributory negligence in stepping back into the pathway of this automobile, as the defendant claims she did."

The defendant's complaint is that the last quoted excerpt would make it appear to the jury that if the defendant approached the crossing at a fast and dangerous rate of speed, under all the circumstances, they might find for the plaintiff, regardless of whether he did all that was possible to save the plaintiff after she stepped back into a position of danger. We think the complaint is without any solid foundation. The court was stating the divergent claims of the parties, and stated correctly the law applicable to each claim. Plaintiff denied that she stepped back into a position of danger. The fact of injury by collision was not in dispute, and the hypothesis that the defendant was negligent in not having his car under control, excludes, in law, the possibility of his having done all that he could reasonably have done to save the defendant.

There is no error.

In this opinion the other judges concurred.