JOSEPHINE SAMAHA, P. P. A. *vs.* VINCENZO MAURO.

Third Judicial District, New Haven, January Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

An appellant who seeks to have this court correct a finding under the provisions of § 5832 of the General Statutes, must state the desired corrections in his assignments of error clearly and distinctly, so that it may be reasonably apparent what changes are requested.

Damages in personal injury cases cannot be computed mathematically, nor does the law furnish any precise, definite rule for their assessment. The matter is one peculiarly within the province of the trier, whose determination will be set aside only when it appears that the sum awarded is plainly excessive.

Argued January 28th—decided March 4th, 1926.

ACTION to recover damages for personal injuries, alleged to have been caused by the negligence of the defendant in operating his automobile, brought to the District Court of Waterbury and tried to the court, *Beardsley, J.;* judgment for the plaintiff for $1,000, and appeal by the defendant. *No error.*

*Ralph C. Coppeto,* with whom, on the brief, was *Thomas F. Devine,* for the appellant (defendant).

*Max R. Traurig,* for the appellee (plaintiff).

HINMAN, J.   The first seven of the assignments of error relate to claimed errors of the trial court in its conclusions based upon the facts.   The appellant does not contend that the facts as found do not support the conclusions sought to be attacked, but his purpose and attempt is to deprive these conclusions of such support by obtaining correction of the finding as to numerous material subordinate and ultimate facts.   In further-ance of this purpose counsel adopted the method pro-vided by § 5832 of the General Statutes to the extent of making all the evidence part of the record in lieu of a motion to correct, but failed to supply the further essential requirement that the appellate court be given a basis for the making of corrections of the finding by assignments of error fairly presenting such corrections as are claimed.   *Hellman* v. *Karp,* 93 Conn. 317, 105 Atl. 678.   It has been repeatedly and emphatically pointed out that, in the absence of an assignment of error presenting a claim for correction of the finding, this court will not consider such correction even though the evidence be filed and printed under § 5832.   *Hart-ford-Connecticut Trust Co.* v. *Cambell,* 97 Conn. 251, 116 Atl. 186, and cases cited therein at page 254. The procedure to be followed in pursuing both statu-tory methods for correction of findings, under §§ 5829, 5830 and 5831, and under § 5832, is outlined in *Hart-ford-Connecticut Trust Co.* v. *Cambell, supra,* and a form is suggested for assigning as errors the corrections sought under § 5832.   Such assignments being lacking in the record before us, we are unable to consider the corrections desired, and in the absence of such correc-tions the conclusions of the trial court against which assignments one to seven, inclusive, are directed must remain unaffected.

The remaining reason of appeal assigns as error that the amount of the judgment rendered is in excess of

reasonable compensation for the injury proved by the plaintiff. Personal injury cases as a rule afford no basis for computation of damages by mathematical processes and the law furnishes no precise or definite rule for assessment. The amount awarded in each case must depend largely upon the judgment of the trier, which will not be interfered with on appeal unless it plainly appears from the subordinate facts that the damages are excessive. The finding of the trial court is that the plaintiff's injuries included a fracture of the collar bone, numerous lacerations on the head, back and legs, and a severe general shock, and that she continued, at the time of the trial, to suffer from nervousness, sleeplessness, and some impairment of the function of an arm. Manifestly the damages awarded are not excessive for such injuries and continuing impairment; indeed, the appellant does not seriously question the reasonableness of the damages as predicated upon the facts found, but seeks an alteration of the finding as to the nature and extent of the plaintiff's injuries. This attempt, lacking appropriate assignments of error, is unavailing.

There is no error.

In this opinion the other judges concurred.