IDA RUSSAKOFF *v.* CITY OF STAMFORD

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued February 3—decided March 10, 1948

*Charles N. Wexler,* corporation counsel, for the appellant (defendant).

*Sydney C. Kweskin,* with whom was *Michael Wofsey,* for the appellee (plaintiff).

DICKENSON, J. This is an appeal of the defendant from a judgment for the plaintiff. With such corrections as the defendant is entitled to have made in the finding, the facts may be stated as follows: On May 5, 1944, at about 1:30 p.m., the plaintiff, a woman sixty-eight years old, was walking on a public sidewalk of the defendant city. She was accompanying her daughter, who was pushing a light stroller in which was her small child. It was a bright sunny day. The plaintiff was walking in a normal manner with one hand on the stroller. She was wearing oxford shoes with a low wide heel. She caught her heel in a hole in the sidewalk and fell, sustaining severe injuries. The hole was about two and one-half inches wide and an inch or an inch and a half deep and was part of a crevice that extended across

the entire walk. The walk had been in substantially this condition for about five years and was in practically the same condition when later examined by plaintiff's witnesses. The side of the hole nearer the plaintiff as she approached it was about vertical and had a ragged edge. She had walked over the sidewalk before but had not noted its condition and did not see the hole at the time of her fall. There was nothing about the type of the defect that would cause her reasonably to anticipate its presence. The sidewalk was on the principal street of the defendant city and there was considerable traffic over it. The defect had continued such a length of time that reasonable inspection of the streets should have disclosed it to the defendant in reasonable time to have repaired it.

On these facts the trial court reached the conclusion that the plaintiff was free from contributory negligence; that the sidewalk was not reasonably safe; that it had not been reasonably safe for such a length of time as to give the defendant constructive notice of it; that the defendant had failed to perform its statutory duty to repair; and that its failure to do so was the sole proximate cause of the plaintiff's injuries.

Preliminary claims of the defendant are that the complaint is insufficient because it fails to allege that the plaintiff was free from contributory negligence, and that there was a variance between the allegations and the proof. No such claims were made before the trial court and we do not consider them here. Conn. App. Proc. § 44; *Hooker* v. *Hooker*, 130 Conn. 41, 46, 32 A.2d 68. A subsidiary claim of a variance between the allegations of the complaint and the notice of the accident served on the city is untenable for the

further reason that the notice does not appear in the record.

The defendant claims that the depression was too slight to constitute a defect such as a municipality would be responsible for. The trial court found that it was a hole and that it caused the plaintiff's fall through no fault of her own, and concluded that the sidewalk was not reasonably safe for public travel and was defective within the meaning of the statute. While the last two statements are part of the trial court's conclusions, they were in part, at least, based on the evidence, and we may resort to this to determine whether they were correct. *Cumbo v. E. B. McGurk, Inc.,* 124 Conn. 433, 436, 200 A. 328; Conn. App. Proc., p. 127, § 96. Reference to the evidence shows direct testimony that the condition was not reasonably safe for public travel and was dangerous. In *Older v. Old Lyme,* 124 Conn. 283, 199 A. 434, we said (p. 285) : "The question whether a highway is defective, the answer to which may depend on a great variety of circumstances, is in general one of fact but determination whether or not the facts found warrant, in law, the conclusions reached therefrom is open on appeal." While the facts in that case were generally similar to those here, an important difference is that in that case the plaintiff was walking "where persons would not ordinarily be expected to travel." In the instant case, the defect was in a sidewalk of a main street of a city, and the finding states that it "was in the direct path . . . where a pedestrian could reasonably be anticipated to walk." It was part of a crevice that extended across the full width of the sidewalk. We cannot hold unreasonable the trial court's conclusions that it was such a defect that the defendant was under a statutory duty to repair it and that it had existed for a

sufficient time before the accident to give the defendant constructive notice of it.

The defendant claims that the facts do not support the conclusion that the plaintiff was free from contributory negligence, particularly because it appears that the plaintiff was walking uphill, behind a baby carriage which obstructed her vision and on a sidewalk with which she was familiar. The size of the baby carriage does not appear. The finding describes it as a "light straw stroller" and recites that there was nothing by way of warning in the locality to call attention to the defect. These findings are not attacked and are substantiated by the defendant's photographs, exhibits in the case, which indicate that at an angle the defect appears to be no more than a crack in the walk. "[The plaintiff] had the right to assume, until the contrary was evident or reasonably should have been evident to her, that the city maintained the walk in reasonably safe condition for the ordinary use of a pedestrian." *Tuckel* v. *Hartford,* 118 Conn. 334, 338, 172 A. 222. By the same authority, this, of course, did not excuse the plaintiff from a reasonable use of her senses to see that she might avoid danger. The court might reasonably have found, however, that, while the defect was discoverable by the defendant by reasonable inspection of its sidewalk, it was so concealed from the approach of the ordinary pedestrian as to excuse failure to observe it before stepping into it. *Wallace* v. *New Haven,* 82 Conn. 527, 531, 74 A. 886; *Flynn* v. *West Hartford,* 98 Conn. 83, 86, 118 A. 517; *Pendlebury* v. *Bristol,* 118 Conn. 285, 290, 172 A. 216; *Tully* v. *Demir,* 131 Conn. 330, 333, 39 A.2d 877.

The only ruling on evidence necessary to discuss is the following. A witness testified that he had "recently" taken measurements of the defect. He

was asked to give them. The defendant objected on the ground that if the measurements had been taken recently the testimony would have no probative value. The objection was overruled but no answer to the question is noted. In its brief, the defendant seeks to add facts and circumstances apparently taken from the transcript of the evidence certified in support of its attack on the finding. Resort in this instance cannot be had to the evidence for the purpose of considering the ruling. Practice Book § 359; *Leahy* v. *Cheney*, 90 Conn. 611, 617, 98 A. 132; Conn. App. Proc. §§ 45, 73.

A final claim of the defendant is that the judgment is excessive. The chief basis of the claim appears to be that the plaintiff has diabetes, her life expectancy is brief and she has no earning capacity. As the defendant itself points out, personal injury cases rarely afford a basis for the computation of damages by mathematical processes. *Samaha* v. *Mauro*, 104 Conn. 300, 302, 132 A 455. The plaintiff sustained a severe compound fracture of both bones of her right forearm. Her hand was held to her forearm only by skin. Two operations were performed without success to reduce the fracture and amputation was seriously considered. Osteomyelitis set in, a third operation was performed in which decayed pieces of bone were removed to effect a recovery from the infection. The result was a very badly deformed arm and a permanent impairment of the motion of the wrist and use of the fingers. The plaintiff was hospitalized some two months; she had drains in her arm from May, 1944, to January, 1946, and dressings that had to be changed three times a day. She suffered, and for some time will continue to suffer, great pain. Her expenses were approximately $900. These facts are undisputed. The trial

court further found, on adequate evidence, that because of her injuries she is unable to perform domestic duties and to take care of herself adequately and that she gave up her home and lives with her daughter so that the latter can assist her. Before her accident she was in good health except for diabetes, which was under proper control. While in the recent case of *McCarthy* v. *Maxon,* 134 Conn. 170, 55 A.2d 912, we ordered a remittitur of $2000 from a $9000 verdict where it was doubtful as to the permanent nature of the injury, in the instant case there was definitely a permanent and disabling injury. We cannot say that the judgment of $7500 was excessive.

There is no error.

In this opinion the other judges concurred.