FRED GONDEK *v.* CONSTANCE PLISKA

BROWN, JENNINGS, ELLS, DICKENSON AND MOLLOY, JS.

Argued May 5—decided July 5, 1949.

*Charles H. Blackall,* for the appellant (defendant).

*Robert P. Butler,* with whom were *Theodore M. Maltbie* and, on the brief, *Walter J. Sidor,* for the appellee (plaintiff).

BROWN, J. The plaintiff sued for damages for personal injuries sustained while a passenger in the

defendant's automobile in the town of Bolton, Massachusetts, when by reason of the alleged gross negligence of its driver the car skidded, ran off the road and collided with a tree. The court rendered judgment for the plaintiff and the defendant has appealed. The vital question presented upon the issue of liability is whether the facts found warrant the court's conclusion that the defendant was guilty of gross negligence under the law of Massachusetts.

The facts are not disputed and so far as material may be thus summarized: About 10:45 a. m. on April 2, 1946, the plaintiff was riding on the front seat of the defendant's automobile, which was being driven by the daughter of the defendant as a family car within her general authority, on a public highway in Bolton. There was snow and slush about an inch deep on the shoulders along both sides of the traveled surface of the highway. This snow and slush was very slippery. The traveled portion had a hard tar surface which was dry and free from snow and slush to a width of approximately fourteen feet. As the car proceeded, in response to the plaintiff's comment that a noise sounded like a fender shaking, the driver said, "No," that it was the slush, and "Listen." Thereupon, with the car traveling at a speed of approximately forty-five miles per hour, without warning she turned suddenly and sharply to the right off the traveled portion of the highway onto the area of snow and slush for the apparent purpose of demonstrating that the noise was caused by the slush striking the fenders of the car. The noise referred to had not been constant but had occurred when the car passed over an occasional spot of slush on the highway. When the car reached the slush-covered right shoulder it skidded, crossed the road to the left shoulder, skidded again and collided with a tree ten or fifteen feet beyond the

left shoulder. The road was straight and there was no other traffic. The car had skidded out of control at least 150 feet and after striking the tree came to rest about 20 feet beyond it with the rear wheels back on the road. The force of the impact extensively damaged the entire left side of the car, threw both occupants out of the left door and caused serious injuries to the plaintiff. The court concluded that the conduct of the driver in deliberately turning at a speed of forty-five miles per hour from the comparative safety of the clear traveled surface of the highway onto the slush-covered shoulder, which she might reasonably expect to be slippery, at an angle likely under the circumstances to produce the skid which resulted, was gross negligence under the Massachusetts rule.

It is not questioned that the law of that state governs so far as the substantive elements necessary to a recovery are concerned and that under it the plaintiff can only recover upon proof of gross negligence by the operator. *Slobodnjak* v. *Coyne,* 116 Conn. 545, 546, 165 A. 681. Gross negligence under the Massachusetts decisions is something beyond ordinary negligence but short of wilful, wanton or reckless conduct. *Learned* v. *Hawthorne,* 269 Mass. 554, 560, 169 N. E. 557. The essential part of the accepted comprehensive definition of gross negligence stated in *Altman* v. *Aronson,* 231 Mass. 588, 591, 121 N. E. 505 is: "Gross negligence is substantially and appreciably higher in magnitude than ordinary negligence. It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care. It is very great negligence, or the absence of slight diligence, or the want of even scant care. It amounts to indifference to present legal duty and to utter forgetfulness of legal obligations so far

as other persons may be affected. It is a heedless and palpable violation of legal duty respecting the rights of others. The element of culpability which characterizes all negligence is in gross negligence magnified to a high degree as compared with that present in ordinary negligence. Gross negligence is a manifestly smaller amount of watchfulness and circumspection than the circumstances require of a person of ordinary prudence. But it is something less than the wilful, wanton and reckless conduct which renders a defendant who has injured another liable to the latter even though guilty of contributory negligence. . . . It falls short of being such reckless disregard of probable consequences as is equivalent to a wilful and intentional wrong."

The many appeals engendered by the application of this rule to facts exemplify the difficulties involved. While it is held that each case must be decided upon its own peculiar facts, the decisions have recognized, as "some of the more common *indicia* of gross negligence," deliberate inattention to the driving of the automobile, impatience of reasonable restraint, persistence in a palpably negligent course of conduct over an appreciable period of time, and voluntary incurring of the risk of grave and obvious danger. *Lynch* v. *Springfield Safe Deposit & Trust Co.*, 294 Mass. 170, 172, 200 N. E. 914; *Pittsley* v. *David*, 298 Mass. 552, 558, 11 N. E. 2d 461. Upon the facts in the instant case, it is evident that the driver's conduct fell within none of the first three categories but that the language defining the fourth may well include it. Although it is true, as argued by the defendant, that in determining whether there was gross negligence the driver's conduct "is to be considered as a whole"; *Driscoll* v. *Pagano*, 313 Mass. 464, 468, 48 N. E. 2d 11; and "it is seldom that any one factor . . . will be wholly decisive"; *Quinlivan* v. *Taylor*, 298 Mass. 138, 140, 10

N. E. 2d 96; *Haggerty* v. *Sullivan*, 301 Mass. 302, 305, 17 N. E. 2d 154; it is manifest that the reason for applying these principles in a case involving one of the first three delicts mentioned above does not apply with equal force to the situation here, where the driver's fault consisted of a single intentional voluntary act which incurred grave and obvious danger. Such an act of itself, regardless of the motive which prompts it, may well involve the "magnified culpability" differentiating ordinary from gross negligence under the Massachusetts rule which an operator's more extended course of conduct, even though negligent, does not comprehend.

In many Massachusetts cases, as is true of *Pittsley* v. *David*, supra, and *Lynch* v. *Springfield Safe Deposit & Trust Co.*, supra, the evidence has been held insufficient as a matter of law to warrant a finding of gross negligence. However, as the court has pointed out, "there may be cases so near the border line that a tribunal whose duty it is to apply only legal principles cannot reverse the factual conclusion embodied in a verdict. The power so to do must be exercised with the utmost caution." *Burke* v. *Cook*, 246 Mass. 518, 521, 141 N. E. 585. The undisputed fact that the driver, first telling the plaintiff to listen, turned the car suddenly and sharply from the dry road "onto the area of snow and slush," which "was very slippery," a condition which the court concluded the driver might reasonably have expected, while the car was traveling at a speed of approximately forty-five miles per hour, so manifestly demonstrates a voluntary incurring of the risk of grave and obvious danger that even though this was her first and only improper conduct in the operation of the car we cannot hold that the trial court was unwarranted in concluding, as it did, that this conduct constituted gross negligence.

During the trial the defendant produced as a witness in chief the driver of the car, who was her daughter and the plaintiff's sister-in-law. In answer to a question as to what happened, she stated that she was driving about forty-five miles an hour and turned the car from the roadway onto the slush and that it skidded across the road into a tree. Counsel for the defendant thereupon stated, "I find myself taken by surprise," and moved for permission to cross-examine on the ground that this testimony was "completely divergent" from two statements the witness had given investigators for the insurance company some two years before. Inquiry by the court elicited from counsel the fact that he had learned of this divergence that morning before calling the witness to the stand. Counsel thereupon limited his claim to one for a "yes" or "no" answer to the question whether the first of these two statements differed from the testimony of the witness just given in court, solely "to show the simple fact of the variance." The court excluded the question. It also excluded an inquiry of the same nature relative to the second statement. The defendant contends that the court erred, because her counsel had been taken by surprise and because the witness was hostile and prejudiced. The court stated that it had not been shown that the witness was hostile or prejudiced. This is confirmed by the record. The court did not err in its ruling on this ground. *Fox* v. *Schaeffer*, 131 Conn. 439, 447, 41 A. 2d 46. Since counsel had learned before calling the witness that her testimony would differ from her statements, the court acted within its discretion in disallowing cross-examination on the ground of surprise. Such examination is a privilege which may arise where hostility, surprise or deceit is disclosed. 3 Jones, Evidence (4th Ed).) p. 1582. It is not a matter of right, and error cannot be predi-

cated upon its refusal. *Sandora* v. *Times Co.*, 113 Conn. 574, 585, 155 A. 819; *Carpenter's Appeal*, 74 Conn. 431, 436, 51 A. 126. The defendant was not entitled to bring out by such cross-examination the nature or content of the statements in question or the fact that they had been made by the witness.

The defendant's final claim is that the amount of damages awarded, $6162, is excessive. No error is assigned in the facts found which portray the elements of the plaintiff's damage. These include special damages of $410 for medical expense and some $850 for loss of wages. The question is whether the award of the balance of $4900 for general damages was unwarranted as a matter of law. There is no need to specify these elements of damage in detail. In addition to lesser items, they included a scalp wound, a severe brain concussion, a laceration of the brain and a severe contusion of the left jaw. These injuries, while not permanent, involved severe pain and suffering and were seriously disabling. They resulted in violent headaches occurring with varying frequency and intensity and periodic dizzy and fainting spells accompanied by blurred vision and profuse sweating. These had continued from April 2, 1946, to May 11, 1948, the date of trial. At that time the twenty-two year old plaintiff had not fully recovered from the effects of the injuries though the prognosis for ultimate recovery was favorable. The amounts to be awarded for damage of this kind "cannot be computed mathematically, nor does the law furnish any precise, definite rule for their assessment. The matter is peculiarly one within the province of the trier, whose determination will be set aside only when it appears that the sum awarded is plainly excessive. *Samaha* v. *Mauro*, 104 Conn. 300, 302, 132 A. 455." *Sette* v. *Dakis*, 133 Conn. 55, 61, 48 A. 2d 271. Upon the record before us we cannot hold

that the amount of the court's judgment was such as to warrant interference by this court.

There is no error.

In this opinion ELLS, DICKENSON and MOLLOY, Js. concurred.

JENNINGS, J. (dissenting). In *Lynch* v. *Springfield Safe Deposit & Trust Co.*, 294 Mass. 170, 200 N. E. 914, cited in the majority opinion, the only question was whether there was any evidence of gross negligence. In that case there was evidence that the driver, who had been drinking, drove into the rear of a truck proceeding in the same direction. He was going fifty miles an hour and there were six lights on the rear of the truck. "The road was a two-lane cement road, straight and dry. The weather was clear. There was no east bound traffic." In spite of plaintiffs' verdicts, judgment was for the defendant on the ground that "there was not quite enough to support a finding of that high degree of culpability and indifference to duty which is the essential characteristic of gross negligence." It seems to me that this recent exposition of the rule in Massachusetts is binding on us and that judgment should be ordered for the defendant. See, to the same effect *Shriear* v. *Feigelson*, 248 Mass. 432, 143 N. E. 307; *Bertelli* v. *Tronconi*, 264 Mass. 235, 162 N. E. 307; *Cook* v. *Cole*, 273 Mass. 557, 174 N. E. 271; *Bank* v. *Satran*, 266 Mass. 253, 165 N. E. 117; *McKenna* v. *Smith*, 275 Mass. 149, 175 N. E. 474; *Richards* v. *Donohue*, 285 Mass. 19, 188 N. E. 389; *Curley* v. *Mahan*, 288 Mass. 369, 193 N. E. 34.