MARIE G. SLABINSKI [EDWARD M. SLABINSKI, ADMINISTRATOR, SUBSTITUTED PLAINTIFF] *v.* DENNIS DIX

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued March 5—decided April 8, 1952

*A. Arthur Giddon,* with whom were *Morton E. Cole* and, on the brief, *Cyril Cole,* for the appellant (plaintiff).

*J. Read Murphy,* with whom, on the brief, was *Cyril Coleman,* for the appellee (defendant).

O'SULLIVAN, J. In this action to recover damages for personal injuries, alleged to have resulted in death, the jury returned a verdict for $5000. Upon motion, the court held that the amount was excessive and ordered that the verdict be set aside unless a remittitur of $2000 was filed. The plaintiff has appealed from that decision.

The jury might reasonably have found the following facts: On March 20, 1942, the plaintiff's decedent was a passenger in an automobile operated by Frank Giorelli. She was seated between her husband and the driver. While the car was stopped in a line of traffic, it was struck in the rear by a car operated by the de-

fendant.   The decedent was tossed backward and for-
ward, hitting her head against the dashboard.   The
defendant had been traveling at a speed of thirty-five
to forty miles an hour just prior to the time when he
jammed on his brakes in an attempt to avoid the col-
lision.   The impact was violent enough to ram the
Giorelli car into the one ahead, which, in turn, was
pushed against another farther on.   All four cars sus-
tained substantial damage.

The blow to her head stunned the decedent.   She
became dazed and was unable to answer questions.
Her husband attempted to get her out of the car for
air but, when she collapsed, he had Giorelli take her
at once to the Hartford Hospital.   While en route,
she remained in a dazed condition and was unable to
talk intelligibly.   On arriving at the hospital, she was
helped into the emergency room, where she remained
for about an hour and a half.   She was then taken to
her home.

On the day after the accident, the decedent con-
sulted a physician at his office.   She was then suffering
various minor injuries, such as contusions and abrasions
on various parts of her body.   She had also developed
a low back injury involving the ligaments and nerves
in the lumbosacral and sacroiliac regions.   After x-rays
of the back were taken, the doctor strapped her up and
prescribed rest, diathermy and medication.   She was
confined to bed for about a month, except when her
husband took her out for medical treatments.   Her
back continued to bother her over the succeeding years.
This was particularly true when she bent over or lifted
something in the course of her household work.

Her most serious injury, however, was to her head.
This occasioned dizziness, headaches, painful sensa-
tions of pressure, and neurasthenia.   The effects of this
injury lasted until her death in 1949.   The pain was so

severe that at times she could not sleep. She became nervous and suffered crying spells. She was treated by her physician on thirty-five occasions in 1942, fifteen in 1943, twice in 1944 and once in 1948. On the occasion of her last visit to him, she was still complaining of headaches and nervousness, all of which were due to the head injury. Prior to the accident, the decedent had been in good health and free from headaches, low back injury, nervousness and insomnia. Special damages amounted to $330.

On October 21, 1949, the decedent experienced a massive cerebral hemorrhage and died. It was the plaintiff's claim at trial that the decedent's death was due to the accident. An interrogatory raising this question was submitted to the jury and was answered by them adversely to the claim. The sole grievance pressed by the plaintiff on this appeal is that the trial court was unwarranted in holding that the damages awarded were excessive.

Where, as here, the trial judge disagrees with the verdict of the jury, a vexing question often arises. *Scarcello* v. *Greenwich*, 127 Conn. 464, 468, 17 A. 2d 523. When this occurs, we review the action of the judge in setting the verdict aside rather than that of the jury in rendering it. *Cables* v. *Bristol Water Co.*, 86 Conn. 223, 224, 84 A. 928. Since his action involves the exercise of a broad legal discretion, it will not be disturbed unless that discretion clearly has been abused. *Brower* v. *Perkins*, 135 Conn. 675, 681, 68 A. 2d 146.

On the other hand, the plaintiff has a constitutional right to try to the jury the cause of action alleged in his complaint. Conn. Const. Art. 1 § 21; *Maroncelli* v. *Starkweather*, 104 Conn. 419, 422, 133 A. 209; *Robinson* v. *Backes*, 91 Conn. 457, 460, 99 A. 1057. This includes the right to have the jury, rather than the court, pass upon the factual issue of damages, when

there is room for a reasonable difference of opinion among fair-minded men as to the amount which should be awarded. The question of damages in personal injury cases, especially in these times of changing values, is always a difficult one. *Prosser* v. *Richman,* 133 Conn. 253, 256, 50 A. 2d 85. Assessment of damages is peculiarly within the province of the jury and their determination should be set aside only when the verdict is plainly excessive and exorbitant. *Szivos* v. *Leonard,* 113 Conn. 522, 525, 155 A. 637; *Rutkowski* v. *Connecticut Light & Power Co.,* 100 Conn. 49, 54, 123 A. 25. Proper compensation for personal injuries cannot be computed by mathematical formula, and the law furnishes no precise rule for their assessment. *Russakoff* v. *Stamford,* 134 Conn. 450, 455, 58 A. 2d 517; *Samaha* v. *Mauro,* 104 Conn. 300, 302, 132 A. 455; *Knight* v. *Continental Automobile Mfg. Co.,* 82 Conn. 291, 293, 73 A. 751. The only practical test to apply to a verdict is whether the award of damages falls somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case, or whether the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption. *Briggs* v. *Becker,* 101 Conn. 62, 66, 124 A. 826. In the light of this test, the jury could reasonably have returned their verdict of $5000.

No question as to liability could have been seriously raised at the trial. The most which the record discloses is a sharp conflict in the evidence bearing on the extent of the decedent's injuries. We must hold that the award was not so clearly excessive as to warrant the action taken by the trial judge.

There is error, and the case is remanded to render judgment on the verdict.

In this opinion the other judges concurred.