BRIDGEPORT HYDRAULIC COMPANY *v.* MICHAELANGELO SCIORTINO ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, JS.

Argued March 6—decided April 22, 1952

*James C. Shannon,* for the appellants (defendants).

*Daniel F. Wheeler,* for the appellee (plaintiff).

O'Sullivan, J. The plaintiff brought this action to quiet and settle the title to a parcel of land which it claimed to own. Several defendants were defaulted. Each of the three who appeared filed a general denial and a special defense alleging title by adverse possession. The court found the issues on the complaint and special defenses for the plaintiff and rendered judgment that it has title to the land in fee simple and that none of the defendants has any estate or interest therein. While all three defendants have appealed, we shall treat the case as if it involved a controversy solely between the plaintiff and the named defendant, to whom we shall refer as the defendant. The determination of the merit of his appeal will similarly dispose of the other two.

No useful purpose will be served by a recital of the extensive and complicated facts found by the court. It will suffice to say at this point that on September 30, 1947, the plaintiff acquired the realty described in the complaint by virtue of a conveyance from Isabel L. Radcliffe, who was then the owner and in possession of the land. The parcel lies in a secluded and rather inaccessible section of the town of Trumbull. It comprises about 17.7 acres and on the north abuts the defendant's property. The terrain is rough, stony and hilly. Almost all of the land is covered with scrub timber. The basic quarrel of the parties was concerned with the location and course of the boundary between their respective lands. The court, agreeing with the plaintiff, found that it was a straight line, "extending from the highway known as Broadway at its westerly end to the old railroad right of way at its easterly end,

all as delineated in the map" drawn upon the Radcliffe deed to the plaintiff. The defendant's claim was that this line in fact constituted one side of a triangular piece of land, title to which was traceable to a survey bill executed by a proprietor's committee in 1742 and recorded in 1944, and that this triangular piece extended into the parcel described in the complaint, of which the plaintiff alleged that it is the owner.

The defendant relies on two assignments of error. The first deals with the court's conclusions. These may be summarized as follows: (1) The plaintiff sustained the burden of proving its ownership of the parcel in fee simple. (2) The defendant has no right, title or interest in the parcel by adverse possession or otherwise. The second assignment of error is addressed to the overruling by the court of various claims of law. These need not be enumerated since most of them will be covered in the discussion of the attack upon the court's conclusions. The only one requiring special mention relates to the question of adverse possession, upon which we shall later comment.

The obstacle which the defendant can neither surmount nor by-pass is the finding. Since there is no assignment of error seeking their correction, the subordinate facts cannot be changed. *Samaha* v. *Mauro*, 104 Conn. 300, 301, 132 A. 455; Maltbie, Conn. App. Proc., §§ 103, 104. The defendant's attempt to escape from the significance of the subordinate facts by asserting that the vital ones are inconsistent with recitals in the deeds is unavailing. Upon this record, the deeds, although made a part of the finding, may not, without more, be used to correct it. *Goldblatt* v. *Ferrigno*, 138 Conn. 39, 42, 82 A. 2d 152. The conclusions in the case at bar must be tested by the facts as found and must stand unless they are legally or logically inconsistent with those facts or unless they involve the appli-

cation of some erroneous rule of law material to the case. *Horowitz* v. *F. E. Spencer Co.*, 132 Conn. 373, 377, 44 A. 2d 702; *Johnson* v. *Shattuck*, 125 Conn. 60, 62, 3 A. 2d 229; Maltbie, Conn. App. Proc., § 96.

In the light of this rule, the defendant's grievances are without foundation. The court found such facts as these: Isabel L. Radcliffe was the owner and in possession of the parcel when she conveyed it to the plaintiff. She had acquired it from her husband, John J. Radcliffe, by deed dated May 3, 1930, and he, in turn, through two conveyances. Each was by warranty deed, the one dated June 14, 1884, executed by James S. Cole, and the other, dated May 21, 1888, by Louis N. Middlebrook. On August 26, 1874, Cole had been the owner of the entire tract. On that date he had conveyed to Middlebrook that portion of the whole which, as just stated, the latter subsequently deeded to Radcliffe on May 21, 1888. Cole's title had come from the bankrupt estate of James R. Middlebrook, who had obtained his title in 1861 under the will of Robert M. Middlebrook. The parcel had come to this last named Middlebrook in 1823 as a part of distribution from the estate of Stephen Middlebrook, deceased. The descriptions in the deeds from Cole to Middlebrook and from Middlebrook to Radcliffe contain precise measurements and clearly expressed starting points for establishing the southerly boundary of the land conveyed. They also fix with certainty the northeast and northwest corners of the land.

The noteworthy visual observations made by the trial judge upon the occasion of his visit to the property are incorporated in the finding. He came upon the remnant of an old fence and saw other landmarks referred to in the Cole and Middlebrook deeds at points and places harmonizing with the location and course of the plaintiff's north boundary as eventually

established by the court. We state, parenthetically, that in its memorandum of decision the court refers to the "compelling testimony by old residents that the North boundary of the Radcliffe property was a straight line." While a comment of this nature can play no part in ascertaining whether the court's conclusions are supportable, we make note of it to indicate an additional source of evidence which was available to the court in finding the subordinate facts.

Furthermore, the boundary line, as determined, conforms with the descriptions recited in the conveyances through which the defendant acquired title to his land. The court expressly found that the triangular piece previously mentioned is not located, as claimed by the defendant, within the boundaries of the parcel described in the complaint. This finding is almost decisive of the case, since the underlying cause of the controversy between the parties is the defendant's insistence that the triangular piece extends southerly into the parcel of which the plaintiff alleges it is the owner. The foregoing facts, with many others which might be added, are ample to support the conclusion that the plaintiff sustained the burden of proving its ownership of the parcel.

On the question of adverse possession, the court found that at infrequent and irregular intervals between 1917 and 1947 the defendant cut some wood on parts of the plaintiff's land. He also dug a ditch thereon to drain a pond on his own. The ditch, however, has disappeared. The court did not find when these acts were discovered by the then owner, Mrs. Radcliffe. It did find, however, that they were interrupted by her agent.

The doctrine of adverse possession is to be taken strictly. It is made out only by clear and positive proof. *Huntington* v. *Whaley,* 29 Conn. 391, 398. The

essential elements of an adverse possession sufficient to create a title to the land in the claimant are that the owner shall be ousted of possession and kept out uninterruptedly for a period of fifteen years, by an open, visible and exclusive possession by the adverse possessor, without the license or consent of the owner. *Pepe v. Aceto*, 119 Conn. 282, 287, 175 A. 775; *Schroeder v. Taylor*, 104 Conn. 596, 605, 134 A. 63; *Stevens v. Smoker*, 84 Conn. 569, 574, 80 A. 788.

In view of the seclusion of the tract, the irregularity and infrequency of hostile acts, and the interruption by the owner of the activities of the defendant, the court could reasonably conclude that title by adverse possession had not been proved by the defendant.

There is no error.

In this opinion the other judges concurred.