JOSEPH GORCZYCA ET AL. *v.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY ET AL.

BALDWIN, WYNNE, SHEA, ALCORN and RYAN, Js.

Argued October 6—decided November 29, 1954

*Ralph C. Dixon,* with whom was *Ernest A. Inglis, Jr.,* for the appellant (defendant New York Central Railroad Company).

*Leo V. Gaffney,* for the appellee (named plaintiff).

BALDWIN, J. In this action for personal injuries tried to a jury, the named plaintiff was awarded $52,000 in damages against the defendant New York Central Railroad Company, hereinafter called the defendant. The court denied the motion to set aside the verdict as excessive and the defendant has appealed.

There is no precise rule by which an award of damages can be fixed in an action for personal in-

juries, because compensation for them does not lend itself readily to mathematical computation. *Russakoff* v. *Stamford*, 134 Conn. 450, 455, 58 A.2d 517; *Samaha* v. *Mauro*, 104 Conn. 300, 302, 132 A. 455; *Knight* v. *Continental Automobile Mfg. Co.*, 82 Conn. 291, 293, 73 A. 751. The amount of the award is a matter within the province of the trier of the facts. *Slabinski* v. *Dix*, 138 Conn. 625, 629, 88 A.2d 115; *Gondek* v. *Pliska*, 135 Conn. 610, 617, 67 A.2d 552; *Mulcahy* v. *Larson*, 130 Conn. 112, 114, 32 A.2d 161; *Szivos* v. *Leonard*, 113 Conn. 522, 525, 155 A. 637; *Rulkowski* v. *Connecticut Light & Power Co.*, 100 Conn. 49, 54, 123 A. 25. Then too, denial by the trial court of a motion to set aside a verdict claimed to be excessive is entitled to weighty consideration. *Adams* v. *Mohican Hotel*, 124 Conn. 400, 403, 200 A. 336; *Ganter* v. *MacKay*, 120 Conn. 691, 692, 180 A. 310; *Briggs* v. *Becker*, 101 Conn. 62, 64, 124 A. 826. It is with these principles in mind that this court must examine the defendant's claim that the amount of the verdict is exorbitant and unjust in the light of all the evidence. Such a claim raises a question of law. The issue here is not whether this court would have awarded more or less. It is whether the total amount of the verdict falls within the necessarily flexible limits of fair and reasonable compensation or is so large as to offend the sense of justice and compel a conclusion that the jury were influenced by partiality, prejudice or mistake. *Slabinski* v. *Dix*, supra; *Sadonis* v. *Govan*, 132 Conn. 668, 670, 46 A.2d 895.

It is not essential to this opinion that the nature and extent of the plaintiff's claims as to his injuries be set forth in full detail. We have before us in the appendix to the defendant's brief what purports to be all of the evidence on the question of damages. It must be reviewed in the light most favorable to

the plaintiff. The substance of what the jury could reasonably have found may be stated as follows: The plaintiff was employed by an automobile agency in New Britain. His pay was $65 a week. On January 2, 1952, he went to the freight yard of the New York, New Haven and Hartford Railroad Company to unload four automobiles which had been shipped from Detroit, Michigan, in a freight car owned by the New York Central Railroad Company. During the process an unloading device in the car, with the automobile upon it, crashed to the floor without warning, struck the plaintiff in its fall and pinned him by his left arm to the floor. He remained in that position for about forty-five minutes until a heavy girder was cut by a hack saw so that he could be removed. During all this time he was conscious and suffered excruciating pain. He was taken to the hospital in an ambulance. His arm was bluish and discolored. There was much dead muscle. He was in a state of shock. An amputation appeared necessary, but skilful surgery was performed and saved the arm.

The plaintiff sustained a compound fracture of the upper arm, with extensive tearing of the muscles and destruction of the skin covering them, and injury to the radial nerve. He remained in the hospital nine and one-half weeks, during five and one-half of which his arm was in a cast in traction. He suffered severe pain and required opiates for relief. He was readmitted to the hospital a second time and plastic surgery was performed to remove scar tissue and improve the function of the arm. Physiotherapy treatments did not stop his pain and a third operation was performed to relieve it. The permanent disability of his arm is estimated to be 35 to 45 per cent, with 15 per cent loss of range of motion at the elbow. The skin graft has left disfiguring scars. He sustained

a shock to his nervous system. He will continue to suffer some pain for the rest of his life. After forty-eight weeks' absence he returned to his work. He continued to suffer pain for which opiates were prescribed. The injuries sustained will limit his activities in the future. At the time of the accident he was thirty-six years of age with a life expectancy of thirty-four years. He made no claim for future medical expenses or loss of earnings. The jury awarded him $52,000.

It cannot be denied that the plaintiff's injuries were serious, that he suffered severe pain and now has a permanent partial disability in his left arm. The amount of his special damages was $7392.16, which when deducted from the total verdict leaves an allowance of $44,607.84 for pain, suffering and disability. Comparison of this award with others made in this jurisdiction for serious injuries of a somewhat similar nature furnishes no decisive criterion for judging the award. It does, nevertheless, offer some guidance in determining the range of those necessarily flexible limits of fair and reasonable compensation by which the amount of the verdict must be tested. In *DiLeo* v. *Dolinsky,* 129 Conn. 203, 205, 27 A.2d 126, decided in 1942, a case in which a ten-year-old boy had sustained other injuries besides a badly fractured left forearm with a considerable amount of permanent disability, we ordered a remittitur of $2000 from an award of $12,000. In *Crowley* v. *Dix,* 136 Conn. 97, 106, 68 A.2d 366, decided in 1949, and *Figlar* v. *Gordon,* 133 Conn. 577, 585, 53 A.2d 645, decided in 1947, we sustained verdicts of $30,000, but we characterized them as large and generous. The injuries involved were much more serious than those in the case at bar. True, the dollar has lessened in value since those cases

were decided. Nevertheless, the award in the instant case, viewed in the light of the rule hereinbefore stated, was more than fair and just compensation.

There is error, the judgment is set aside as to the defendant New York Central Railroad Company and a new trial is ordered as to that defendant unless the plaintiff Joseph Gorczyca, within four weeks from the date when the judgment of this court is rendered, shall file with the clerk of the Superior Court in Hartford County a remittitur of $12,000 of the amount awarded; but if such remittitur shall be filed, judgment for the residue shall thereupon be entered upon the verdict. The costs on this appeal shall in either event be taxed in favor of the defendant New York Central Railroad Company.

In this opinion SHEA and ALCORN, Js., concurred; WYNNE and RYAN, Js., dissented.