[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER (139, 140)
After hearing held on defendants' motions to set aside the verdict and for remittitur it is hereby ordered: that such motions are denied for the following reasons:
A litigant has a constitutional right to have issues of fact and assessment of damages determined by a jury. Mather v. GriffinHospital, 207 Conn. 125, 138 (1988). The jury's finding that liability for the two-vehicle accident rested with the defendants was well supported by the evidence. Likewise, the jury was justified in concluding on the evidence that the defendant-driver, who did not appear at trial, operated her vehicle recklessly within the purview of § 14-295 of the General CT Page 13260 Statutes. Further, the evidence supported a finding that the plaintiff, age 49, sustained painful and disabling injuries to the left shoulder, neck, and lower back, which injuries have left him with permanent partial disabilities. His losses and damages are significant and include a claim based on impairment of earning capacity. In the latter connection, the plaintiff, who is a trucker, testified as to limitations, because of his shoulder disability, on his capacity to load and unload heavy freight, which activity had been a standard part of his employment duties.
The jury, based on a finding of reckless operation as a causative factor, was authorized by statute (above) to double, even triple, its award of damages. The choice was to double the award, and, while the total amount is large, the court finds that it is not so large "as to offend the sense of justice and compel a conclusion that the jury were (sic) influenced by partiality, prejudice or mistake." Gorczyca v. N.Y., N. H. H.R. Co.,141 Conn. 701, 703 (1954)
Judgment may enter in accordance with the verdict together with interest, insofar as applicable, plus costs.
BERNARD D. GAFFNEY JUDGE, SUPERIOR COURT