PETER DEVILESKIS *vs.* MRS. CORNELIUS SHEA.

Third Judicial District, New Haven, June Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued June 12th—decided July 10th, 1929.

*Michael V. Blansfield* and *John E. Whalen,* for the appellant (plaintiff).

*Richardson Bronson,* for the appellee (defendant).

WHEELER, C. J. The sole ground of the appeal is the inadequacy of the verdict. The jury might reasonably have found these facts: As a result of a collision between defendant's and plaintiff's automobiles the plaintiff suffered severe injuries to his head, left hip and abdomen which necessitated two major operations. His intestines were ruptured compelling the opening of the abdominal wall for about eight to ten inches and then the removal of about ten inches of the small intestine and the resection of the bowel, joining the two ends together and making a new orifice in the bowel. After the operation the ruptured bowel discharged the contents of the intestines into the abdominal cavity, producing peritonitis or blood poisoning. Seventeen days after this operation it was necessary to reopen the abdomen for further drainage because of his developing an abdominal abscess. He remained in the hospital for thirty-four days when, on October 10th, he was allowed to go to his home. While at home, for a considerable time he was totally disabled and discharging from an abdominal sinus resulting from peritonitis and the abscess formation which continued for several weeks. Occasionally he suffered while at home much pain through attacks of obstruction of his bowel. He was compelled to be under medical treatment while he was at his home and still continues to require such treatment. He developed a stitch abscess in the abdomen and occasionally this would have to be drained. After he had completely healed there developed a post-operative hernia or rupture at the site of the abdominal incision causing him a great deal of stomach disturbance which produced persistent spasm of the stomach causing frequent attacks of vomiting and obstinate constipation.

Another operation might bring him some relief but the prognosis would be very uncertain. It is probable that these stomach spasms will continue during his life and as long as they continue he will have to have medical attention. The condition of the plaintiff is a painful one.

In consequence of the injuries suffered in this collision he has not fully recovered and never will fully recover from the abdominal injury. For four months while at home he was under the care of a trained nurse. He incurred bills to the hospital of $189.43, for doctor's services $213, for nurses $462; a total of $864.43 of special damages which were uncontroverted. He was out of employment for a year, his earnings in that time would have been not less than $1300 and might have been $2600; it would not have been unreasonable for the jury to have found the latter amount. These items, including the $2600 item, would make the total of special damages, $3464.43. The verdict rendered was for $1000, which was about thirty per cent of the special damages which the jury might have found proven, leaving the remaining seventy per cent unprovided for, and nothing left as compensation for these very serious injuries which are most likely to be permanent and continuous.

Under our rule, "if a verdict does manifest injustice and is so palpably against the evidence as to indicate that the jury must have made some mistake in the application of legal principles or were influenced by lack of knowledge or understanding, or by corruption, prejudice or partiality, it will be set aside, even though there was conflicting testimony." *Levy* v. *Bromberg,* 108 Conn. 202, 142 Atl. 836; *State* v. *Chin Lung,* 106 Conn. 701, 704, 139 Atl. 91.

The injustice of this verdict is outstanding. It is so manifest that the most charitable construction

which can be placed upon it is to attribute it to a lack of knowledge or understanding of the facts in evidence or of the duty of the jury in reaching the verdict. It is so far from fair and reasonable compensation, under the facts in evidence, as to shock the sense of justice, which is the practical test for determining whether a verdict should be set aside for its inadequacy or excessiveness. *Briggs* v. *Becker*, 101 Conn. 62, 66, 124 Atl. 826.

There is error and a new trial is ordered.

In this opinion the other judges concurred.