BERNARD BROWN *vs.* CHARLES M. BOLTON ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 15th—decided August 1st, 1933.

*Samuel E. Hoyt,* with whom, on the brief, was *Irving Sweedler,* for the appellants (defendants).

*David M. Reilly,* with whom was *Benjamin M. Chapnick,* for the appellee (plaintiff).

PER CURIAM. The plaintiff brought this action to recover damages for personal injuries received when the automobile in which he was riding was struck by another automobile owned by the defendant Hourwitz and operated by the defendant Bolton. The jury returned a verdict for the plaintiff which was entitled "Bernard Brown *vs.* Joseph Hourwitz" and found for the plaintiff to recover $900 of "the defendant." The plaintiff moved to set this verdict aside because of its

defective form and because the damages awarded were inadequate, and the trial court granted the motion on the latter ground. The plaintiff was twelve years old at the time of the accident. He received an injury to his head and the jury could not reasonably have found otherwise than that this affected his eyes, producing a condition known as nystagmus, a horizontal twitching of the eyes. He was confined to bed for about three weeks and to the house for two or three weeks longer. He suffered dizziness and severe headaches during this period and was still suffering from them at the time of the trial, about a year after the accident. Because of the injury to his eyesight he had been unable to attend school, or to read for any length of time, his attempts to do so producing dizziness and headaches. An experienced specialist in the treatment of the eyes testified that from the time he first examined him, about seven months after the accident, until he examined him again just before the trial, there had been no change in the condition of the eyes and expressed his opinion that the defect would be permanent; and he also testified that there was no treatment which could be given to improve that condition. Doctors' bills were incurred to the amount of $118. While it appeared in evidence that the plaintiff had been examined by a doctor acting in behalf of the defendant, the latter offered no medical testimony to dispute that of the plaintiff.

Had the verdict been intended merely to compensate the plaintiff for his pain, suffering, incapacity and loss of schooling previous to the trial and the expense of medical treatment it certainly could not be regarded as more than fair compensation. Whether or not the jury fully accepted the opinion of the medical expert called by the plaintiff that the injury was permanent, certainly they could not reasonably have escaped the

conclusion that the condition, which had lasted for a year, and been unchanged for some five months before the trial, would continue for a considerable time to come. The trial court heard the evidence, saw the plaintiff in court and watched the medical expert show to the jury the defect; and its judgment that the verdict was inadequate is entitled to great weight. *Briggs* v. *Becker,* 101 Conn. 62, 64, 124 Atl. 826. The trial court concluded that the jury must have been moved by some improper influence or have misunderstood the charge, and this conclusion is fortified by the character of the verdict which the jury returned. We cannot find error in the ruling that the damages were inadequate, without regard to the question whether the verdict should have been set aside because it named Hourwitz alone as defendant. *Devileskis* v. *Shea,* 109 Conn. 526, 147 Atl. 8; *Meyer* v. *Basta,* 102 Conn. 144, 128 Atl. 32.

There is no error.