## ANNE E. BENNETT
*vs.*
## SAMUEL ZIMMERMANN

Superior Court          New Haven County          File No. 57412

MEMORANDUM FILED MAY 7, 1940.

*John H. Sheehan,* of New Haven, for the Plaintiff.
*Woodruff & Klein,* of New Haven, for the Defendant.

QUINLAN, J.   In passing upon this motion the detached

position of the trial judge permits a view of the proceedings unclouded by the zeal which has a rightful place in the advocacy of a client's case. Sitting as I did in this case, running practically two court weeks, I had an excellent opportunity to absorb the atmosphere of the courtroom and trial, as well as the respective impressions that the plaintiff and defendant must have made upon the jury. In the first place there was ample evidence to indicate that a promise had been made subsequent to the defendant's wife's death. That he was disposed toward an early marriage was substantiated by his own conduct when, within a month, he became engaged to his present wife and married her within six months. Unless then, the verdict was excessive, and to be so a manifest injustice must have been perpetrated, indicating either a mistake in the application of legal principles, or that it was arrived at by the influence of corruption, prejudice or partiality, it should not be disturbed. *Devileskis vs. Shea,* 109 Conn. 526. From the evidence and from her appearance the plaintiff appeared to be a woman of capability who had arrived at the age of maturity. Her capability had been demonstrated and it undoubtedly appealed to the defendant, as a business man. Apparently too her conversational abilities were good, and she gave the appearance of a lady not given to self-seeking opportunities of this kind, and the jury could have well concluded that at her mature age her opportunities for marriage were *nil.* Notwithstanding that whatever bond there was, was the outgrowth of an acquaintance while the defendant was a married man, with which fact the plaintiff was acquainted, nevertheless the defendant knew that fact and knew the indiscreetness of his conduct. The defendant's manner of testifying, while it may have been caused by the precaution of great care, gave the appearance of a lack of the straightforwardness which seemed to characterize the plaintiff's testimony. The evidence in the case was notably devoid of the sordidness which often-times accompanies the relations of parties claimed to have been in the situation of these parties, and the jury thereby may have concluded that the plaintiff was wrongfully treated. There is an old literary precedent in a much older era where damages were as high as those awarded here, and as long as this State recognizes an action of this kind the court's notions about such an action, or the size of the verdict, should not be permitted to interfere with a jury's findings.

The motion is denied.