## LUCY SMET
### *vs.*
## TILLIE ANDRULAIT

Superior Court    New Haven County    File No. 59316

MEMORANDUM FILED MARCH 24, 1941.

*Joseph N. Perelmutter,* of Seymour, and *Edward L. Reynolds,* of New Haven, for the Plaintiff.

*William F. Healey,* of Derby, for the Defendant.

BOOTH, J.   The motion as filed attacks the verdict on the ground that it was excessive in amount, against the evidence and contrary to the law.   In the opinion of the court, the evidence justified a plaintiff's verdict, but the amount thereof was excessive.   The action was for the alienation of the affections of the plaintiff's husband.   The complaint was issued on July 26, 1940, and according to its allegations the acts of the defendant complained of by the plaintiff began in 1935.   The statute of limitations was not pleaded by the defendant and could not have been since the date of the acts as pleaded did not fall within its provisions.   At the trial, however, the evidence disclosed that the plaintiff was in fact making claim that acts of the defendant which produced the alleged alienation began some 15 or 20 years before the date of the writ.   When such appeared to be the situation the defendant orally raised the issue that these acts were in fact within the limitation of the statute.   While ordinarily the statute must be specially pleaded, it may be specially raised on the trial without such pleading. *Wagner vs. Mutual Life Ins. Co.,* 88 Conn. 536, 544.   The court, in view of the circumstances, considered that this issue was in fact raised and instructed the jury in substance that the measure of the plaintiff's compensatory damage was the value of her right of consortium as it existed on and after July 26, 1934, which was six years prior to the date of the complaint and that punitive damages might be included in the award in the event that the acts of the defendant were malicious or wanton.

In so far as the punitive element is concerned, there was no direct evidence offered concerning the extent or value of the services rendered by plaintiff's counsel in the preparation and

presentation of her cause, but as the witnesses were not numerous and as the trial occupied but three court days, it does not seem reasonably probable that the amount allowed therefor was other than a minor portion of the total verdict.

In so far as the compensatory element is concerned, the evidence concerning the acts which the plaintiff claims to have produced her loss of consortium pointed unmistakably to a serious impairment of the normal conjugal affection between the plaintiff and her husband prior to July 26, 1934.

While the relationship of husband and wife was undoubtedly one of contention and discord with an entire absence of any indication of affection on the part of the husband toward the wife, such relationship was not one of recent origin but began more than 20 years ago and continued without change up to the time of their separation in May, 1940.

It is apparent from the entire evidence that by July 26, 1934, the consortium had ceased to be of any great value to the plaintiff.

In view of the foregoing it is the opinion of the court that the amount of $4,500, even after making a fair and reasonable allowance for the element of punitive damages, does manifest injustice and is so palpably against the evidence as to indicate that the jury must have made some mistake in the application of legal principles or was influenced by lack of knowledge or understanding or by prejudice or partiality. *Devileskis vs. Shea,* 109 Conn. 526, 528.

Such being the situation, the motion to set the verdict aside may be granted unless the plaintiff shall within ten days file a remittitur of $2,000 of the amount of the verdict as rendered.