[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: REQUEST TO REVISE (#109)
The plaintiff, Lisa Arsenault, filed a nineteen count complaint on March 17, 1994, alleging that the defendant, the Great American Insurance Company, was liable for her injuries and losses from an accident with an underinsured driver. The plaintiff collected from the underinsured driver the policy limit provided for by the driver's insurance policy.
On May 5, 1994, the defendant filed an answer, including three special defenses. On May 25, 1994, the plaintiff filed a request to revise the defendant's third special defense. On June 3, 1994, the defendant filed an objection to the plaintiff's request to revise its third special defense. On June 22, 1994, the defendant withdrew its objection to the plaintiff's request CT Page 12910 to revise its third special defense and filed an amended objection.
"The request to revise is a motion for an order directing the opposing party to revise his pleading in the manner specified."Royce v. Westport, 183 Conn. 177, 180, 439 A.2d 298
(1981). A request to revise may be used when a party seeks "the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading." Practice Book § 147. The request to revise "shall be deemed to have been automatically granted . . . within thirty days of the date of filing the same . . . unless within thirty days of such filing the party to whom it is directed shall file objection thereto." Practice Book § 149.
The defendant's "third special defense/set offs" reads as follows: "[t]he liability of the defendant, if any, is limited to its coverage of $300,000.00 less any applicable credits and set-offs for the payment of The Maryland Insurance Group, basic reparations benefits paid or payable by Great American Insurance Companies, any collateral source benefits payable under Tort Reform Legislation and all other applicable credits and set-offs." Defendant's answer, special defenses and set-offs.
The plaintiff's request to revise seeks to eliminate everything that follows "$300,000," starting with the word "less." The plaintiff argues that that part of the defendant's third special defense should be deleted because it is "unnecessary since reduction for collateral source benefits is done by the court post-verdict. [The part to be deleted] is also specifically prohibited by Connecticut Practice Book § 195A."
In its amended objection to the plaintiff's request to revise its third special defense, the defendant argues that credits and set-offs are not collateral source benefits under "Tort Reform Legislation" but instead are "either statutorily created or created by common law decisions by the Connecticut Appellate Courts."
"The fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway." Bennett v. Automobile Insurance Co.,230 Conn. 795, 802, ___ A.2d ___ (1994). "Whether facts must be CT Page 12911 specially pleaded depends on the nature of those facts in relation to the contested issues." Id.
The Connecticut Practice Book states that "[n]o pleading shall contain any allegations regarding receipt by a party of collateral source payments as described in Conn. Gen. Stat. §§ 52-225a and 52-225b." Practice Book § 195A.
Connecticut General Statutes § 52-225a states that "[i]n a civil action, whether in tort or in contract, wherein the claimant seeks to recover damages resulting from . . . personal injury . . . and wherein liability is admitted or is determined by the trier of fact and damages are awarded to compensate the claimant, the court shall reduce the amount of such award which represents economic damages, as defined in subdivision (1) of subsection (a) of section 52-572h, by" the amount paid under § 52-225a(b) [collateral sources paid "for the benefit of the claimant"] less the amount paid under § 52-225a(c) [monies paid, contributed, or forfeited to secure the claimant's right to any received collateral source benefit]. General Statutes §52-225a. The reductions described by this section occur after an award of damages. Palmieri v. Nationwide Mutual Insurance Co.,11 Conn. L. Rptr. 88, 90 (February 16, 1994, Corradino, J.).
Section 52-572h(a)(1) defines economic damages as "compensation determined by the trier of fact for pecuniary losses including, but not limited to, the cost of reasonable and necessary medical care, rehabilitative services, custodial care and loss of earnings or earning capacity excluding any noneconomic damages." General Statutes § 52-572h(a)(1). Collateral sources "means any payments made to the claimant, or on his behalf, by or pursuant to: (1) Any health or sickness insurance, automobile insurance that provides health benefits. . . ." General Statutes § 52-225b.
The Connecticut Supreme Court described the effect of this statutory scheme as follows: "[a] claimant is entitled to the full amount of his or her underinsured motorist coverage if, after the claimant's recovery from the tortfeasor has been reduced by collateral source payments in accordance with §52-225a, the claimant's uncompensated personal and economic damages exceed the amount of the insurance coverage. A claimant's recourse to his or her underinsured motorist coverage is, however, limited in amount to less than his or her full coverage if the amount of the award against the tortfeasor for personal CT Page 12912 and economic damages, reduced in accordance with § 52-225a, results in uncompensated damages that are less than the full amount of the underinsured insurance coverage. In other words, while § 52-225a does not authorize collateral source payments to be deducted from a claimant's available underinsured motorist coverage, it does authorize such payments to enter into the calculation of the claimant's compensable injuries and losses."Smith v. Safeco Insurance Co., 225 Conn. 566, 574, ___ A.2d ___ (1993); Allstate Insurance Co. v. Lenda, 34 Conn. App. 444, 457, ___ A.2d ___ (1994).
Connecticut's Superior Court has a split of authority on the issue of whether collateral source payments are properly pleaded as a special defense. Wicke v. Aetna Casualty Insurance Co.,11 Conn. L. Rptr. 421, 422 (April 28, 1994, Fuller, J.). The majority states that collateral source payments are not a valid special defense. Id. Practice Book § 195A, effective March 16, 1993, embodies this majority vision that collateral source payments are not to be included in pleadings. Practice Book § 195A. Collateral source payments need not be pleaded because these payments do not affect the plaintiff's cause of action but only affect his recoverable damages. Wicke v. Aetna CasualtyInsurance Co., supra. The defendant has pleaded collateral source payments, therefore the defendant's objection is overruled as to collateral source payments.
"Payment of basic reparations benefits have been held to be collateral source payments under General Statutes [§] 52-225b."Boyle v. Peerless Insurance Co., 9 CSCR 740, 741 (June 16, 1994, Martin, J.). The defense may not claim that reparation benefits are a set-off, avoiding labeling them as a collateral source payment because "[t]he semantics make no difference. Basic reparation benefits under an automobile accident insurance policy fall within the definition of `collateral sources' in section 52-225b
of the General Statutes." Neverisky v. Masi, 8 CSCR 186, 187
(January 21, 1993, Fuller, J.). The defendant has pleaded reparations, therefore the court overrules the defendants objection with respect to reparations.
"[A] set-off involves a reduction in an award because of a debt owed the defendant by the plaintiff." Jeffreys v. Bombassei,8 CSCR 261, 262 (February 1, 1993, Jones, J.), quoting parenthetically, Vezina v. Warner-Lambert Co., 7 CSCR 1031 (June 4, 1992, Cofield, J.). Indeed, "a condition precedent to application of a legal set-off is that `. . . it shall be in CT Page 12913 answer to a suit on a debt.'" Jeffreys v. Bombassei, supra, 262, quoting, Savings Bank of New London v. Santaniello,130 Conn. 206, 211, 33 A.2d 126 (1943). The defendant never alleges that the plaintiff owes the defendant any debt. Thus, there is not even an allegation of a set-off; therefore the court overrules the defendant's objection to the plaintiff's request to revise with respect to set-offs.
Credits that limit the defendant's liability under the contract must be specially pleaded. Boyle v. Peerless InsuranceCo., supra, 9 CSCR 741 (stating that what the plaintiff called collateral sources but the defendant called credits needed to be pleaded). Credits that are based on workers' compensation may or may not be stricken. Palmieri v. Nationwide Mutual Insurance Co., supra, 11 Conn. L. Rptr. 90 (stating that the defendant had to assert its contractually bargained for right to credit against any workers' compensation payments); but see Selection v.Griffith, 9 Conn. L. Rptr. 459, 459-60 (July 27, 1993, Fuller, J.) (stating that the defendant's claim of a "setoff or credit" based on worker's compensation was stricken). General requests for credits in special defenses, such as "a special defense claiming `a credit for any collateral source payments'" have been stricken. Whitely v. Sebas, 3 Conn. L. Rptr. 288, 289, 290 (February 28, 1991, Fuller, J.). There is no allegation that the defendant included "credit" in its special defense pursuant to a contractual provision. Thus, the defendant does not base its request for a credit on a contract; therefore the court overrules the defendant's objection to the plaintiff's request to revise with respect to credits.
The defendant places special reliance on Wicke v. AetnaCasualty Surety Co. in its objection to plaintiff's request to revise. Wicke offers that a defendant insurer "might be prejudiced in an action to recover underinsured motorist coverage based on a clause in the defendant's insurance policy. In an action to recover uninsured motorist coverage under an automobile liability insurance policy, the defendant must plead the policy limits as a special defense in order to take advantage of the limitation on coverage of the policy. Bennett v. AutomobileInsurance Co., 32 Conn. App. 617, 622-24." Wicke v. AetnaCasualty surety Co., supra, 11 Conn. L. Rptr. 423; Boyle v.Peerless Insurance Co., supra, 741 (denying a motion to strike because a special defense alleging limits on the defendant's liability is a proper pleading). Bennett has been reversed.Bennett v. Automobile Insurance Co., 230 Conn. 795, 796, CT Page 12914 ___ A.2d ___ (1994) (mandating that "henceforth an insurer should raise issues of policy limitation, even where undisputed, by special defense" but reversing the Appellate Court's finding against the defendant for his failure to plead specially policy limitations before such pleading was mandatory). The Wicke court held that under an insurance policy providing underinsured motorist coverage the defendant-insurer may plead payments received by the plaintiff as a special defense in order to produce evidence of payments at trial to reduce the amount of contractual liability.Wicke v. Aetna Casualty Surety Company, supra 422.
In this case, the defendant's special defense does not clearly plead that payments have been received by the plaintiff. Additionally, the plaintiff is not requesting that the defendant remove from its special defense the fact that there is a limit to the defendant's liability. The plaintiff is merely requesting that the defendant not plead other impermissible items beyond that limitation.
For these reasons, the defendant's objection to the plaintiff's request to revise is overruled.
PICKETT, J.