[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Watson Wyatt leases space on the seventh and eighth floor of 1055 Washington Boulevard in Stamford, Connecticut. Pierson 
Smith leases space on the third floor of the same building.
In February 1997, Watson Wyatt, through its authorized agent, David J. Spiewak of EQUIS of New York ("Spiewak"), entered into negotiations to sublease the eighth floor space to Pierson 
Smith, through its authorized agent, Kenneth C. Dardis, of McCarthy O'Callaghan ("Dardis"). Between February 1997 and May 1997, Spiewak and Dardis exchanged a series of letters proposing terms for the sublease ("term sheets"). On April 18, 1997, Spiewak sent a final term sheet to Dardis, representing Watson Wyatt's final offer for a sublease.
On May 7, 1997, Watson Wyatt informed Spiewak that it had decided to expand its Stamford Office and would occupy the eighth floor space for its own use. Between May 7, 1997 and May 13, 1997, Spiewak and Dardis exchanged telephone calls but were unable to speak to each other. On May 13, 1997, Spiewak reached Dardis and informed him of Watson Wyatt's decision to occupy the space at 1055 Washington Boulevard for its own use. Plaintiffs initiated this application for temporary injunction to enforce its claim. CT Page 7364
In an application for injunctive relief, the plaintiff bears the "burden of proving irreparable harm and lack of an adequate remedy at law." Tomasso Bros., Inc. v. October Twenty-Four, Inc.,230 Conn. 641, 648, 646 A.2d 133 (1994) (quoting Berin v. Olson,183 Conn. 337, 340, 439 A.2d 357 (1981)). However, the decision whether to grant injunctive relief rests in the discretion of the trial court. Id. In exercising that discretion, the court should balance the equities of the particular case. Id. When the movant seeks a temporary injunction, balancing the equities "necessarily requires consideration of the probable outcome of the litigation." Griffin Hosp. v. Commission on Hosps. Health Care,196 Conn. 451, 457, 493 A.2d 229 (1985).
In order to prevail on a breach of contract claim, a plaintiff must show, inter alia, mutual assent, or a "meeting of the minds," on the material terms. See generally, Arthur Linton Corbin, Corbin on Contracts, § 9 (1952); Battistelli v. Corso,30 Conn. Sup. p. 135, 140, 304 A.2d 676 (1973). In other words, "[t]he question must be asked, can the . . . agreement be considered a final one, . . . or were material terms left for future negotiation and settlement, in which case there would be no final meeting of the minds?" Battistelli,30 Conn. Sup. at 141. In this case, the evidence shows that both parties understood that execution of a binding lease agreement was contingent upon satisfactory financial review and a mutually agreed upon security deposit. Because Pierson Smith cannot establish a "final meeting of the minds" on these material terms, Pierson Smith cannot succeed on its breach of contract claim.
The Statute of Frauds requires a written agreement or a "memorandum of the agreement," signed by the party to be charged or the party's agent, for the transfer of any interest in real estate. Conn. Gen. Stats. § 52-550 (1997). The writing or memorandum must manifest an intent to enter into a binding agreement. Jacobson v. Hendricks, 83 Conn. 120, 75 A. 85 (1910). If a memorandum of decision of an agreement "specifically undertakes[s] that no legal obligation should be created, [this] undertaking . . . will be respected by the law." Samuel Willison Richard A. Lord, A Treatise on the Law of Contracts, § 3:5 (4th ed. 1990). Further, our courts will not enforce an oral agreement to transfer an interest in real estate and have held that the owner has a legal "prerogative" to "change her mind before the time [comes] to sign" a binding agreement for its transfer. McNerney v. Blake, 15 Conn. Sup. 447 (1348). CT Page 7365
The evidence shows that the parties did not execute a binding agreement for the sublease of space at 1055 Washington Boulevard. The April 18, 1997 term sheet, which specifically states that it "is not to be construed as a lease," that it is "subject to withdrawal without notice," and that "[f]inal terms and conditions are subject to approval of financials and a mutually agreed upon security deposit," clearly evidences an intention not to be bound prior to the execution of a final lease document. Accordingly, Watson Wyatt's decision to occupy the space at 1055 Washington Boulevard for its own use is merely an exercise of its legal "prerogative" to "change [its] mind before the time came to sign" a binding lease agreement. McNerney,15 Conn. Sup. at 446, 448 (1948).
"A real estate broker is, generally speaking, a special agent with limited power and is, therefore, in dealing with land, closely restricted within the terms of its agency." Pattee v.Walter, 5 Conn. Cir. Ct. 249, 253; 249 A.2d 669, 672 n. 1 (1968) (quoting 12 Am.Jur.2d 81, Broker, § 66). "He must keep within the bounds of the authority conferred upon him, otherwise the principal will not be bound."
The evidence shows that Spiewak did not waive the language of limitation, that he did not have the authority to do so, and that he specifically told Pierson Smith he did not have the authority to do so. Accordingly, Spiewak did not, and could not, bind Watson Wyatt to a term sheet not containing the language of limitation.
Connecticut recognizes the doctrine of promissory estoppel as an exception to the Statute of Frauds upon proof of two essential elements. First, the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief. Second, the other party must change its position in reliance on those facts and thereby incur injury. O'Sullivan v.Bergenty, 214 Conn. 641, 648, 573 A.2d 729 (1990) (citations and quotations omitted). However, in order to show reasonable reliance, the party claiming estoppel must show that he "exercised due diligence to ascertain the truth and that he not only lacked knowledge of the true state of things but had no convenient means of acquiring that knowledge." Id. at 650 (citation omitted).
The Connecticut courts have applied the doctrine of CT Page 7366 promissory estoppel only sparingly, under circumstances in which an individual claiming estoppel resided on the property and made substantial improvements with the defendant's knowledge and consent, Wolfe, v. Wallingford Bank Trust Co., 124 Conn. 507
(1938), or the individual had possession of the property and reasonably made improvements to the property in reliance upon the agreement, O'Sullivan, 214 Conn. at 645-50.
The doctrine of promissory estoppel does not apply to this case. The evidence shows that Spiewak did not make any statements intended to induce Pierson Smith to act in reliance on its `agreement' with Watson Wyatt. It also shows that Pierson Smith knew and understood that the April 18, 1997 term sheet was not a binding agreement. Accordingly, any alleged reliance by Pierson 
Smith cannot be characterized as reasonable.
Additionally, assuming the existence of a binding agreement, Pierson Smith can readily obtain like commercial space in the same area — or the same building — and collect any money damages, from Watson Wyatt. Even if Pierson Smith has to cancel its lease in Shelton, it can still seek money damages from Watson Wyatt. Pierson Smith has an adequate remedy at law for money damages, it has not established irreparable harm and it is therefore not entitled to injunctive relief. Tomasso Bros., Inc.,230 Conn. at 648.
The application for a temporary injunctions is denied.
HICKEY, J.