[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
Plaintiff Vita Barbieri has brought this action against the Defendant City of Waterbury claiming damages for injuries sustained as a result of a slip and fall accident while a pedestrian crossing South Main Street, a roadway owned and controlled by the Defendant. The amended complaint is in two counts, the First Count sounding in negligence and the Second Count sounding in nuisance. Each count alleges that the Plaintiff "was caused to fall in a pothole" on said roadway, and that her injuries were caused by "the Defendant's failure to comply with Section 13a-149 of the Connecticut General Statutes."[1] The Defendant has moved to strike the Second Count on the ground that an action in nuisance is precluded by a claim within the purview of General Statutes § 13a-149.[2]
A motion to strike tests the legal sufficiency of a pleading. Practice Book § 151; Ferryman v. Groton, 212 Conn. 138,142 (1989). "[A]ll facts well pleaded and those facts necessarily implied from the allegations are taken as admitted."Amodio v. Cunningham, 182 Conn. 80, 82-83 (1980). "[T]he court must construe the facts alleged in a pleading in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273, 278
(1988). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them." Ferryman v. Groton, supra, 142. If the facts provable under the allegations would support a defense or CT Page 5578-WWWW cause of action, the motion to strike must fail." Id.
Plaintiff's claim arises out of her fall in a pothole on the Defendant municipality's roadway. General Statutes § 13a-149, commonly known as the "highway defect statute," is "a plaintiff's exclusive remedy against a municipality or other political subdivision for damages resulting from injury to any person or property by means of a defective road or bridge."Sanzone v. Board of Police Commissioners, 219 Conn. 179, 192
(1991). A claim within the purview of § 13a-149 precludes an action in nuisance. Id., 200; General Statutes § 52-557n(a)(1)(C). "[W]hether the facts alleged in the complaint would, if true, amount to a highway defect is a question of law which may be determined on a motion to strike." Sanzone v. Board of PoliceCommissioners, supra. 201.
A highway defect has been defined as "[a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which would be likely to produce that result." Comba v. Ridgefield, 177 Conn. 268, 270 (1979). It encompasses a defect in the roadbed itself. Id. A pothole is a highway defect within the purview of § 13a-149. See Russakoffv. Stamford, 134 Conn. 450 (1948).
Pratt v. Old Saybrook, 225 Conn. 177 (1993), relied upon by the plaintiff, is inapposite. The issue in Pratt concerned the sufficiency of the notice required by § 13a-149. Although the original complaint alleged a count in nuisance, the operative amended revised complaint omitted any allegations of nuisance against the town. Id., 183 n. 8.
Defendant's motion to strike the Second Count of the amended complaint is granted.
DAVID L. FINEBERG, J. Superior Court Judge