[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has moved to set aside the verdict as to damages and requests an additur. The jury found in favor of the plaintiff against the defendant, Dr. Jay Ugol, in this medical malpractice action in which it was claimed that the defendant failed to diagnose breast cancer on May 6, 1991, which was the proximate cause of the death of the plaintiff, Anne Frederick. CT Page 10300 There was an award of economic damages in the amount of $375,000, and non-economic damages in the amount of $125,000. The plaintiff claims the award of $125,000 for non-economic damages is inadequate as a matter of law.
A trial judge has the duty to set aside a verdict and grant a new trial when he or she finds the verdict to be so clearly against the weight of the evidence in the case as to indicate that the jury did not correctly apply the law to the facts in evidence in the case, or were governed by ignorance, prejudice, corruption or partiality. Birgel v. Heintz, 163 Conn. 23, 27,301 A.2d 249 (1972). The ultimate test which must be applied to the verdict by the trial court is whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption. Birgel v. Heintz, supra, 28; Briggs v. Becker,101 Conn. 62, 124 A.2d 826 (1924). It is the court's duty to set aside the verdict where it finds that it does manifest injustice and is . . . palpably against the evidence. Malmberg v. Lopez,208 Conn. 675, 679-80, 546 A.2d 284 (1988). If the amount awarded shocks the sense of justice as to what is reasonable, then the inferred conclusion is that the jury was misguided in reaching its decision. Id. 680.
Nevertheless, "[l]itigants have a constitutional right to have factual issues resolved by the jury. . . This right embraces the determination of damages when there is room for a reasonable difference of opinion among fair-minded persons as to the amount that should be awarded. . . This right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of trial by jury includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair-minded men passed upon by the jury and not by the court. . . The amount of a damage award is a matter peculiarly within the province of the trier of fact, in this case, the jury. . ." (Citations omitted, internal quotation marks omitted). Mather v. Griffin Hospital,207 Conn. 125, 138, 540 A.2d 666 (1988).
One of the issues in this case, aggressively pursued by the defendant, was whether any failure to diagnose breast cancer in the plaintiff on May 6, 1991 was a proximate cause of her death. The defendant's oncology expert testified that on May 6, 1991 the plaintiff already had terminal Stage IV cancer. The cancer was diagnosed several months later, and the jury may well have found CT Page 10301 that although the delay in diagnosis resulted in the economic damages awarded, and that she was entitled to certain non-economic damages, the failure to diagnose by the defendant on May 6, 1991 was not the proximate cause of her death.
The award of non-economic damages of $125,000 is not inherently ambiguous. See Childs v. Bainer, 235 Conn. 107,663 A.2d 398 (1995). Although modest, the jury verdict does not so shock the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption. Birgel v. Heintz, supra, 163 Conn. 28.
The plaintiff's motion to set aside the verdict and for an additur is denied.
So Ordered.
D'ANDREA, J.