[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant moves to set aside the jury verdict in favor of the plaintiff, which verdict was based upon the negligence of the defendant, in the amount of $584,126.71, or in the alternative for a remittitur.
The defendant first claims that the jury awarded $134,126.71 in medical specials, when the evidence showed specials of only $126,777. The defendant claims that the difference represents the amount of litigation costs incurred by the plaintiff in the amount of some $7,348.86, and further claims that the jury must have also improperly included legal fees in the award. The court can reach no such conclusion. The jury indeed mistakenly awarded the plaintiff's costs in the amount of $7,348.86 (Exhibit 18), and the court will order a remittitur thereof. To say the jury must also have awarded attorney's fees is a leap of judgment which cannot be reasonably made. The jury was fully and plainly instructed on punitive damages, as consisting of legal fees, and that such damages were available to the plaintiff only if the jury found reckless conduct or fraudulent misrepresentation. It CT Page 11561 is obvious from the jury's answers to the jury Interrogatories that they specifically found neither recklessness nor fraudulent misrepresentation, nor did they find a CUTPA violation. To the interrogatory, "Is the plaintiff entitled to punitive damages?", the jury answered "No". To make it still clearer that the jury did what they intended to do, one need only to examine the plaintiff's Verdict Form, wherein the plaintiff was awarded damages only on the negligence count and was specifically denied any punitive damages on the recklessness and fraudulent misrepresentation counts. To say that the jury was so confused by the charge that they awarded legal fees under the negligence count is to assign to them a reduced level of intelligence that is unwarranted.
The defendant next claims that the medical bills contained charges which were related to the plaintiff's preexisting medical condition and should not have been awarded. The jury was charged on medical bills as follows:
 The defendant contests the amount of these bills, claiming that some of Mrs. Cerreta's cost of care and medication was attributable to preexisting medical conditions. It is for you to determine they reasonable cost of the medical care attributable to the decedent's fall."
The court finds that the jury was entitled to believe that the submitted medical charges for her hospital stay was reasonable in the absence of some credible evidence that the bill was somehow to be discounted.
The defendant claims that the verdict was against the weight of the evidence. The plaintiff presented, however, sufficient evidence to prove that the defendant's employee acted negligently, and that the negligence was the proximate cause of the fall and resulting injuries and death. The defendant, on the other hand, offered little or no evidence as to the cause of the fall. The jury justifiably found in favor of the plaintiff and against the defendant.
The defendant claims error in the court's charge on damages. It is the defendant's position that the court should have charged that the plaintiff's personal living expenses were to be deducted from any award for loss of her capacity to carry on life's activities, relying on Floyd v. Fruit Industries. Inc.,144 Conn. 659, 135 A.2d 918 (1957). The deduction of personal living CT Page 11562 expenses, argues the defendant, is not limited to those cases where there is a claim of loss of earning capacity, but the charge must also be given even without a claim of such losses. The court initially agreed with the defendant's position, but refused to give the charge because there was no evidence that the plaintiff was subject to the expense of maintaining herself either on salary, or wages, or unearned income or savings. Floydv. Fruit Industries. Inc., supra, 674. The court now maintains that its charge was correct and complete both because personal living expenses are to be deducted against an award for loss of earning capacity but not against general damages,[1] and because there was no proof that the plaintiff in fact maintained herself. Under either proposition, the court's charge was proper.
The court has reviewed the defendant's claims of evidentiary errors committed by the court and finds them to be without merit.
Finally, the defendant requests a remittitur because the verdict was excessive.
A trial judge has the duty to set aside a verdict and grant a new trial when he or she finds the verdict to be so clearly against the weight of the evidence in the case as to indicate that the jury did not correctly apply the law to the facts in evidence in the case, or were governed by ignorance, prejudice, corruption or partiality. Birgel v. Heintz,163 Conn. 23, 27, 301 A.2d 249 (1972). The ultimate test which must be applied to the verdict by the trial court is whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption. Birgel v. Heintz, supra, 28,Biegel v. Becker, 101 Conn. 62, 124 A.2d 826 (1924). It is the court's duty to set aside the verdict where it finds that it does manifest injustice and is . . . palpably against the evidence.Malmberg v. Lopez, 208 Conn. 675, 679-80, 546 A.2d 284 (1988). If the amount awarded shocks the sense of justice as to what is reasonable, then the inferred conclusion is that the jury was misguided in reaching its decision. Id., 680.
Nevertheless, "[l[itigants have a constitutional right to have factual issues resolved by the jury. . . This right embraces the determination of damages when there is room for a reasonable difference of opinion among fair-minded persons as to the amount that should among awarded. . . This right is one CT Page 11563 obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of trial by jury includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair-minded men passed upon by the jury and not by the court. . . The amount of a damage award is a matter peculiarly within the province of the trier of fact, in this case. the jury. . ." (Citations omitted, internal quotation marks omitted). Mather v.Griffin Hospital, 207 Conn. 125, 138 540 A.2d (1988).
The plaintiff was a 93 year old woman with a life expectancy of 4.6 years. There was evidence that for a woman of her age, she was in good physical condition; and there was also evidence that she maintained a variety of interests and possessed a vibrant personality. After her fall in which she suffered a subdural hematoma, she was operated upon and spent several months in the hospital where her medical bills were $126,777. The jury awarded non-economic compensatory damages of $450,000. The court, and the defendant, are in no better position to value this woman's life than is the jury. It cannot be said that "the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption" Birgel v. Heintz, supra, 163 Conn. 28.
The defendant's motion to set aside the verdict is denied. However, for the reason that the jury mistakenly included the plaintiff's claimed trial expenses in their award, as explained above, the court finds the verdict to be excessive as a matter of law, and therefore grants the defendant's motion for a remittitur in the amount of $7,348.86, and upon failure of the plaintiff to remit said amount within fourteen days of the date hereof, the verdict is set aside and a new trial is ordered. So ordered.
D'ANDREA, J.