[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff moves for an Additur and/or to Set Aside the Verdict.
This was a case of admitted liability.
The jury returned a verdict in the amount of $126,147.15. Of the total amount of the verdict, $21,147.15 was allocated to medical damages or expenses.
While the liability was admitted, the question of the plaintiff's damages was hotly contested. The extent, validity and existence of the plaintiffs loss of income was put in question by the defense.
Connecticut General Statutes § 52-228b and Practice Book §16-35 permit the Court to order an additur in amount deemed reasonable by the Court to the verdict returned by the jury.
It is the duty of the Court to set aside the verdict when it finds that "it does manifest injustice, and is . . . palpably against the existence . . . State v. Chin Lung, 106 Conn. 701, 704, 139 A. 91 (1927).
In determining whether a verdict does such an injustice, "the only practical test is whether the total damages awarded fall somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case, or whether the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption: Briggs v. Becker,101 Conn. 62, 66-67 124 A. 826 (1924).
The plaintiff presented evidence tending to demonstrate that his ability to work was impaired by virtue of the accident and indeed made claim as to various avenues which would have afforded him income. This was disputed by the defendant.
The jury was charged that "the credibility of the witness and the CT Page 2469 weight to be given their testimony are matters which are peculiarly your function to determine." . . . you are at liberty to choose what testimony you will believe and to discard, in whole or in part, the testimony of any witness."
The verdict of the jury, while the Court felt it was modest, did not shock the Court nor is the Court of a mind that the verdict was arrived in any manner on the basis of partiality, prejudice, mistake or corruption.
The motions of an Additur and/or to Set Aside the Verdict denied.
Donald W. Celotto Judge Trial Referee