George J. Basset, State Bank Commissioner, *vs.*
The Mechanics Bank of New Haven.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued April 6th—decided May 16th, 1933.

*John V. O'Brien,* for the appellants (creditors).

*Samuel A. Persky,* for the appellee (receiver).

Per Curiam. This is an appeal by creditors from an order made in receivership proceedings against the defendant bank that certain sums be paid to two appraisers and to certain persons who assisted them in making the appraisal of the assets of the bank. The trial court had before it the appraisal and it states in its finding that it examined the receiver at some length in regard to the matter; in the absence of any transcript of the proceedings we cannot make any correction in or addition to the finding; and there is no basis upon the record for the appellants' claim that the order was passed without any evidence before the court justifying the allowances made. It is true the appellants claim, and the receiver seems to concede in his brief, that he was not formally sworn as a witness; but this fact appellants' counsel must have known and if they wished to raise any objection based upon it they should have called it to the attention of the trial court at the time, when any defect of this nature could have

been remedied; not having done so they waived any such defect. *Cady* v. *Norton,* 31 Mass. (14 Pick.) 236; *People ex rel. Niebuhr* v. *McAdoo,* 184 N. Y. 304, 317, 77 N. E. 260; *Slauter* v. *Whitelock,* 12 Ind. 338, 340; *State* v. *Hope,* 100 Mo. 347, 355, 13 S. W. 490; *Moore* v. *State,* 96 Tenn. 209, 33 S. W. 1046; 3 Wigmore, Evidence (2d Ed.) § 1819 (b). The appraisers were appointed by an order of court made on July 19th, 1932, and in that order were authorized to employ appraisal experts to assist them; from that order no appeal was taken; and the validity of these appointments and the authority to employ assistants given them is not now open to question. As far as any other grounds of appeal are concerned, while it appears from the finding that the appellants at the hearing made certain objections to the allowances, the finding contains no statement of any claims of law made to the trial court or of the nature of those objections. It is fundamental in appellate procedure that this court will not, except in unusual cases, consider any questions not distinctly raised at the trial. Rules for Appellate Procedure, § 15; *Rindge* v. *Holbrook,* 111 Conn. 72, 75, 149 Atl. 231. The appraisers and those who assisted them rendered the services for which compensation was allowed in reliance upon the order made in July, 1932, and no sufficient reason appears why we should depart from this rule of procedure.

There is no error.