## STATE OF CONNECTICUT *v.* MICHAEL BARILE
### (SC 17040)

Borden, Norcott, Katz, Vertefeuille and Zarella, Js.

Argued December 4, 2003—officially released February 3, 2004

*Richard Cramer*, with whom, on the brief, was *William T. Gerace*, for the appellant (defendant).

*Mitchell S. Brody*, senior assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *John H. Malone*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Michael Barile, appeals[1] from the judgment of the trial court finding him in violation of probation for having failed to participate fully and effectively in a sex offender treatment program. The defendant claims that the trial court improperly ordered him to take a polygraph examination administered by a polygrapher selected by the office of adult probation (adult probation), in violation of his rights against self-incrimination under the fifth amendment to the United States constitution and article first, § 8, of the Connecticut constitution. We affirm the judgment of the trial court.

Adult probation secured a warrant for the defendant's arrest, claiming that he had violated his probation by failing to participate in sex offender counseling and treatment. After a hearing, the trial court, *Dyer, J.*, found that the defendant had violated his probation. In the dispositional phase of the proceeding, the trial court continued the defendant on probation, and specifically ordered that he take a polygraph examination. This appeal followed.

We have carefully examined the trial court record in this matter. The facts are voluminous and complicated, and it would serve no useful purpose for us to state them in detail. They may be summarized, however, as follows. In 1998, the defendant was found guilty, in a court trial before *Swienton, J.*, of risk of injury to a child, based in part on his repeated sexual contact with his young stepdaughter. He was sentenced to ten years imprisonment, execution suspended after three years, followed by five years probation. One of the conditions of his probation was that he cooperate with sex offender

[1] The defendant appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

treatment that was deemed necessary by adult probation. Thereafter, both before and after his release from custody, the defendant signed written conditions of probation, among which were that he would submit to polygraph examinations as required by adult probation. After more than one year of attending group therapy sex offender treatment sessions, the defendant continued to deny that he had engaged in the sexual conduct for which he had been convicted,[2] and he refused to submit to polygraph examinations, despite having been assured that, if he successfully passed the examination, the treatment program officials would recommend that the condition requiring participation in such a program be eliminated. Ultimately, the defendant was discharged from the treatment program, based both on his continued denial and his refusal to take the polygraph examination. The director of the treatment program stated that, although the defendant had faithfully attended the therapy sessions, he was in effect "just biding his time . . . ." Thereafter, his probation officer brought this violation of probation proceeding.[3]

In the adjudicative phase of the violation of probation proceeding, the trial court, *Dyer*, *J.*, found that the

[2] The trial court specifically noted the testimony of the program therapists that denial is common among sex offenders, and that acceptance of their responsibility is necessary for successful treatment and rehabilitation of sex offenders.

[3] A revocation of probation proceeding has two distinct components, an adjudicative phase and a dispositional phase. In the adjudicative phase, a "factual determination by a trial court as to whether a probationer has violated a condition of probation must first be made. If a violation is found, a court must next determine [in the dispositional phase] whether probation should be revoked because the beneficial aspects of probation are no longer being served." (Internal quotation marks omitted.) *State* v. *Hill*, 256 Conn. 412, 425, 773 A.2d 931 (2001); see General Statutes § 53a-32; Practice Book § 43-29. By statute, a court may: (1) continue the sentence of probation; (2) modify or enlarge the conditions of probation; (3) extend the period of probation; or (4) revoke the sentence of probation. General Statutes § 53a-32 (b).

defendant had been discharged from the sex offender treatment program without satisfactorily finishing it, despite having been accorded sufficient time to acknowledge his sexual misconduct, despite having been warned that failure to do so could result in termination of treatment, and despite having been given more than one year to resolve the issue of his denial. The court also found that the defendant had resisted taking a polygraph examination by a polygrapher approved by the sex offender treatment program, despite the fact that he repeatedly had agreed to take such an examination, and despite assurances by the program officials that a successful examination would prompt them to recommend the elimination of the sex offender treatment requirement of his probation. On the basis of these findings, the trial court further found that the defendant had violated the terms of his probation because he had failed to complete satisfactorily the court-ordered sex offender treatment. Accordingly, the court found the defendant in violation of his probation. Thereafter, in the dispositional phase of the violation of probation proceeding; see footnote 3 of this opinion; the court continued the defendant on probation, and specifically enlarged the court-ordered conditions of his probation by ordering him to take a polygraph examination by a polygrapher selected by adult probation or its designee.[4]

The defendant's appeal is limited to the sole question of whether the trial court violated his federal and state constitutional rights against self-incrimination by ordering him to undergo a polygraph examination. Our review of the record, however, discloses that, not only did the defendant never raise in the trial court the con-

---

[4] Prior to the transfer of this appeal from the Appellate Court to this court, the state moved to dismiss the defendant's appeal on the ground of mootness, asserting that, subsequent to the judgment of violation of probation from which the defendant appeals, he took a polygraph examination and was participating in good standing in sex offender treatment. The Appellate Court denied that motion, and the state has not renewed it in this court.

stitutional claim or claims that he now presents on appeal, but he affirmatively acquiesced to the trial court's order and, therefore, he waived any such claims.

The position of the state, which was presented through the testimony of the officials of the sex offender treatment program in which the defendant was enrolled, was that the defendant had continued both to deny the sexual misconduct for which he had been convicted, and to refuse to take a polygraph examination about that misconduct by an examiner selected by adult probation that would have, if completed successfully, resulted in a recommendation that he no longer be required to participate in the treatment program. Thus, according to the state, the defendant simply was not amenable to any useful treatment by the program. The defendant did not claim throughout the dispositional phase that he should not be required to take a polygraph examination; instead, he claimed that he should be permitted to take a polygraph examination by an examiner selected by him or, at a minimum, by an "independent" examiner selected by the court. Furthermore, it was only in passing that the court, rather than the defendant, raised the issue of the fifth amendment. In that regard, the defendant specifically agreed with the court that he did not have a fifth amendment right to silence about the crime of which he already had been convicted. In addition, the defendant specifically agreed that, although he did not want to take a polygraph examination, "he will if it's fair," presumably meaning that he would do so if he were able to select the examiner. Finally, the defendant specifically represented to the court that, if the court, as opposed to the state, were to order the polygraph examination, he would "follow [the court's order] to the letter of the law."

Against this background, the court entered the order. In doing so, moreover, the court specifically found that

the defendant's failure to take the polygraph examination was, contrary to his assertions that it was a matter of principle, due to his "attempt to engage in denial, delay, and manipulation of the probation function." Moreover, after the court entered its order, the defendant affirmatively stated that he had no objection to it, and he specifically thanked the court for its patience and fairness.

The judgment is affirmed.